FILED
2017 FEB -9 AM 10:37
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No.

6:16-cv-236-ORL-40TBS

LOCAL ACCESS, LLC,
a Florida Limited Liability
Company,

Plaintiff,

vs.

PEERLESS NETWORK, INC.,
an Illinois corporation,

Defendant.

______________________________/

COMPLAINT

COMES NOW, the Plaintiff, LOCAL ACCESS, LLC, by and through its undersigned counsel, and hereby sue the Defendant, PEERLESS NETWORK INC., and in support thereof states as follows:

PARTIES JURISDICTION & VENUE

1. This is a civil action brought pursuant to 28 USC §1332, seeking money damages arising out of Defendant's breach of a contract between the parties.

2. The amount in controversy exceeds $75,000.00 exclusive of interest, costs, and attorney fees.

3. Plaintiff Local Access LLC ("Local Access") is a limited liability company organized under the laws of the State of Florida.

4. Local Access is licensed and regulated by the State of Florida as a Competitive Local Exchange Carrier ("CLEC") authorized to provide telecommunication services throughout the State of Florida, including Orange County.

5. The members of Local Access are Neil Rosenblit and Robert Russell.

6. Neil Rosenblit is a citizen of the state of Florida, and resides and is domiciled in Orange County, Florida.

7. Robert Russell is a citizen of the state of Florida, and resides and is domiciled in Orange County, Florida.

8. Defendant Peerless Network Inc., ("Peerless") is and was at all times relevant a citizen of the state of Illinois, as it is an Illinois corporation with its principal place of business in Chicago, Illinois.

9. All or part of this cause of action arose in Orange County, Florida.

10. All payments due to Local Access under the contract forming the subject of this action were to be paid and delivered in Orange County, Florida.

11. Venue properly lies within the Middle District of Florida, Orlando Division.

STATEMENT OF OPERATIVE FACTS

12. By "Customer Agreement – Homing Tandem Service" with an effective date of June 1, 2012, Local Access entered into a contract with Peerless (hereinafter referred to as the "Contract"), wherein Peerless agreed to provide "Homing Tandem Service" for the benefit of Local Access. A true and correct copy of the Contract is attached hereto as Exhibit A.

13. Under the Contract, the Homing Tandem Service was available to Local Access for use in providing local exchange and exchange access telecommunications services to Local

Access's residential, business, and government end users within the Peerless Network or its affiliates service areas.

14. The Contract also provided that, in the event Local Access received a competitive offer from another carrier for the specific service provided by Peerless under the Contract, that Peerless had an option to match the offer, or if Peerless chose not to match the offer, Local Access was then entitled to reroute traffic pursuant to the alternative proposal; this right constituting the "Peerless Price Guarantee".

15. On February 22, 2014, Local Access submitted a competitive offer to Peerless.

16. On March 4, 2014, Peerless replied to Local Access, stating that the proffered offer was "not a valid competitive offer", and further stating:

> "Peerless currently provides homing tandem services to Local Access for interLATA, intraLATA and local exchange telephone calls. The competitive offer submitted offers to provide homing tandem services for calls exchanged with interexchange carriers. The proposal does not offer to provide homing tandem services for intraLATA calls or local exchange calls with local exchange carriers. Therefore, Local Access has not presented a competitive offer to Peerless."

17. Peerless went further in its response of March 4, 2016 by issuing the following edict:

> "Should Local Access move interexchange carrier homing tandem services to a competitor, Peerless will construe that act as an acknowledgement by Local Access that there is no agreement between the parties, or in the alternative, that Local Access is willing to breach its agreements."

18. In light of Peerless's response, Local Access neither accepted the competitive offer, nor moved any of its traffic to Peerless's competitor.

19.     Subsequently, on or about July 31, 2015 Local Access submitted a new competitive offer to Peerless, representing that it received a new competitive offer for the *specific* services being provided by Peerless to Local Access under the Contract.

20.     On or about August 5, 2015 Peerless agreed to match the competitive offer pursuant to section 3.3 of the Contract.

21.     By a First Amendment to Master Services Agreement entered into as of August 5, 2015 (hereinafter, the "First Amendment"), Peerless and Local Access modified the terms of the Contract to match the competitive offer received by Local Access. Paragraph 1 of the First Amendment provided that, Peerless was to share seventy-five percent (75%) of Collected Tandem Access revenue Peerless received on traffic associated with Local Access. A true and correct copy of the First Amendment is attached hereto as Exhibit B.

22.     The First Amendment further modified and extended the initial term of the Contract by three (3) years, from August 5, 2015 until 11:59 p.m. E.D.T. on August 4, 2018.

23.     At all times relevant, Local Access performed under the Contract and the First Amendment.

24.     Because Peerless chose not match the competitive offer received by Local Access, pursuant to the Peerless Price Guaranty, Local Access, then, had the right under the Contract to reroute traffic pursuant to the competitive offer.

25.     Consistent with that right, and after Peerless declined to match the August 24, 2015 competitive offer, Local Access began re-routing traffic from Peerless pursuant to section 3.3 of the Contract.

26. Although Local Access rerouted a significant amount of its traffic, the process of moving traffic took a significant amount of time and, as of the date of this Complaint, some of Local Access's traffic remains on Peerless's network.

27. From August 5, 2015, to the present, Peerless has failed to provide reports, accounting, or to compensate Local Access for traffic routed to Peerless's network under the Contract, as amended.

28. Local Access has repeatedly demanded payment from Peerless, but these demands have been ignored or denied.

29. By email dated October 27, 2015, Peerless, through its Chief Executive Officer ("CEO"), John Barnicle ("Mr. Barnicle") claimed that Local Access voided the contract by accepting the terms of a competitive offer on August 24, 2015. Mr. Barnicle further indicated that Local Access should expect to receive payment and a compensation schedule on or about December 5, 2015 for the period between August 5, 2015 through August 24, 2015. A true and correct copy of the October 27, 2015 email from Mr. Barnicle is attached hereto as Exhibit C.

30. Neither the Contract nor the First Amendment deleted, terminated or modified the Peerless Price Guarantee provisions of the Contract, nor does the Contract or First Amendment provide that Local Access's acceptance of a future competitive offer presented to and unmatched by Peerless would void the terms of the Contract or the First Amendment.

31. Peerless is responsible for compensating Local Access under the terms of the Contract and First Amendment.

## COUNT I: BREACH OF CONTRACT

Local Access hereby repeats, re-alleges and incorporates by reference all allegations contained within paragraph 1 through 31 above, and further states as follows:

32. The Contract and First Amendment required Peerless to share seventy-five percent (75%) of Collected Tandem Access revenue it received on traffic associated with Local Access.

33. Local Access has performed under the terms of the Contract and First Amendment.

34. Since August of 2015, Peerless has provided no reports or payments to Local Access under the terms of the Contract and First Amendment.

35. Peerless's failure to make the foregoing payments constitutes a material breach of the Contract and First Amendment, and Local Access has been damaged thereby.

36. As a result of Peerless's conduct, Local Access has had to retain the services of the undersigned counsel with respect to this matter and Peerless is obligated to pay for the same pursuant to the terms of the Contract and First Amendment.

WHEREFORE, the Plaintiff, LOCAL ACCESS, LLC demands judgment against the Defendant, PEERLESS NETWORK, INC., for $11,000,000.00, plus prejudgment interest, post-judgement interest, attorney's fees, costs of suit, and such further relief and other relief as the nature of the Plaintiff's cause requires.

COUNT II: UNJUST ENRICHMENT

Local Access hereby repeats, re-alleges and incorporates by reference all allegations contained within paragraphs 1 through 31 above, and further states as follows:

37. Peerless unilaterally determined that it was not obligated to pay Local Access its share of Collected Tandem Access revenue received on traffic associated with Local Access after August 24, 2015.

38. Local Access performed a valuable service to Peerless, and has continued to do so, by providing a volume of telecommunications traffic over Peerless's network, for which Peerless has received a benefit and continues to receive such a benefit.

39. Local Access did not agree to route its telecommunications traffic to Peerless's network gratuitously.

40. As a result of the conduct described above, Peerless has been unjustly enriched at the expense of Local Access.

41. Peerless should be required to disgorge all monies, profit and gains which it has obtained or will unjustly obtain in the future at the expense of Local Access.

WHEREFORE, the Plaintiff, LOCAL ACCESS, LLC demands judgment against the Defendant, PEERLESS NETWORK, INC. for all consequential damages, unjust enrichment, and disgorgement of profit, plus prejudgment interest, post-judgment interest, costs of suit, and such further relief and other relief as the nature of the Plaintiff's cause requires.

DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all matters so triable as a matter of right.

Respectfully submitted, this 9th day of February, 2017.

Stephen M. Jones, Esq.
Attorney for Plaintiff
Florida Bar Number: 0115132
Stephen M. Jones Law Firm PLLC
6996 Piazza Grande Ave., Ste. 311
Orlando, FL 32835
Telephone: (407) 378-5307
Fax: (407) 378-4854
E-Mail: sjones@s-joneslaw.com
Secondary E-Mail: smjones@sjoneslawfirm.com