UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOCAL ACCESS, LLC,

    Plaintiff,

v.	Case No: 6:17-cv-236-Orl-40TBS

PEERLESS NETWORK, INC.,

    Defendant.

## ORDER

This case comes before the Court without oral argument on Blitz Telecom Consulting, LLC's Unopposed Motion to Intervene for the Limited Purpose of Moving to Quash Subpoena (Doc. 36).

Plaintiff Local Access, LLC's complaint alleges that it entered into a contract with Defendant Peerless Network, Inc., and that Peerless subsequently breached the contract (Doc. 1). Local Access also alleges that Peerless was unjustly enriched to the extent that Local Access provided a benefit to Peerless (Id.). Peerless has motioned the Court to dismiss the complaint or in the alternative, for a more definite statement (Doc. 14).

On June 5, 2017, Peerless served a subpoena for the production of documents on non-party Inteliquent, Inc. (Doc. 36-2). Among other things, the subpoena asks for 21 categories of documents relating to Inteliquent's business dealings with non-party Blitz (Id.). Inteliquent has objected to the subpoena and Local Access has moved for a protective order (Doc. 35; Doc. 36, ¶ 8). Now, Blitz seeks leave of Court to intervene for the sole purpose of objecting to the subpoena (Doc. 36). Blitz argues that intervention is appropriate because some of the documents Peerless has subpoenaed are "highly

confidential trade secrets and proprietary commercial information which would be harmful to Blitz' interests if disclosed." (Id., ¶ 6). Peerless does not oppose the motion to intervene (Id., at 4). Although Blitz has not stated Local Access' position on the motion, it seems unlikely that Local Access opposes intervention since the same lawyer represents it and Blitz.

"A party seeking to intervene by right who lacks an unconditional right to intervene via a federal statute must establish that: (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." Winemiller ex rel. T.W. v. Judd, 8:13-cv-2995-T-17EAJ, 2015 WL 3901623, at *4 (M.D. Fla. June 24, 2015) (citing Chiles v. Thornburgh, 865 F.2d 1197, 1213 (11th Cir. 1989)).

Courts consider four factors in determining the timeless of a motion to intervene:

> (1) the length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of prejudice to the existing parties as a result of the would-be intervenor's failure to apply as soon as he knew or reasonably should have known of his interest; (3) the extent of prejudice to the would-be intervenor if his petition is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

United States v. Jefferson Cnty., 720 F.2d 1511, 1516 (11th Cir. 1983). See also Angel Flight of Ga., Inc. v. Angel Flight America, Inc., 272 F. App'x 817, 819 (11th Cir. 2009). "'[T]imeliness is not a word of exactitude or of precisely measurable dimensions. The requirement of timeliness must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of

justice.'" Chiles v. Thornburgh, 865 F.2d 1197, 1213 (11th Cir. 1989) (quoting McDonald v. E.J. Lavino Co., 430 F.2d 1065, 1074 (5th Cir. 1970)). Blitz makes its motion within the time frame for moving to quash the subpoena pursuant to Fed. R. Civ. P. 45(d)(2)(B), and there is no objection to intervention. On this record, the Court finds that the motion is timely.

Blitz seeks to intervene to protect what it claims are its trade secrets and proprietary commercial information. This is sufficient to make a finding that Blitz has a direct, substantial, protectable interest in the subpoena directed to Inteliquent. Medi-Weightloss Franchising USA, LLC v. Medi-Weightloss Clinic of Boca Raton, LLC, 8:11-cv-2437-T-30MAP, 2012 WL 12904394, at *1 (M.D. Fla. May 10, 2012) (Allowing intervention to protect pricing, cost data, profits, sales statements, board meeting minutes, intranet orders, manufacturer invoices and purchase orders.); Winemiller, 2015 WL 3901623, at *5 ("Furthermore, as Proposed Intervenors seek to intervene only for the limited purposes of protecting the disclosure of their full names and their right to counsel at depositions, their interests are related to the action.") (citing Dow Jones & Co. v. U.S. Dep't of Justice, 161 F.R.D. 247, 253 (S.D.N.Y.1995) (finding that widow of individual who committed suicide had an interest in an action where she moved to intervene to appeal court order enjoining Department of Justice from withholding copies of her husband's suicide note)).

The Court's rulings on the objections to the subpoena will concern much of the information Blitz claims is confidential and proprietary. Consequently, the effect of the Court's rulings and Blitz' claimed interest in certain of the information that has been subpoenaed are closely related issues. Should the Court overrule the objections to the

subpoena, then Blitz' ability to protect its interest in the information could be compromised or worse. This is sufficient to satisfy the third requirement for intervention.

The Eleventh Circuit has held that the inadequate representation requirement "is satisfied if the [proposed intervenor] shows that representation of his interest 'may be' inadequate" and that "the burden of making that showing should be treated as minimal." Chiles, 865 F.2d at 1214 (quoting Trbovich v. United Mine Workers of America, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972)). Blitz argues that intervention is necessary because Inteliquent and Local Access may not have the ability to protect Blitz' interest in the information it deems confidential and proprietary (Doc. 36, ¶ 8). Blitz has not articulated facts to support its conclusory argument. But, the test is not a stringent one and no party objects to intervention. Accordingly, the Court will err on the side of Blitz and permit intervention.

Now, the motion to intervene is **GRANTED**. Blitz may intervene in this case for the sole limited purpose of objecting to the subpoena Peerless has served on Inteliquent. Blitz shall have seven days from the date of this Order in which to file its Motion to Quash the Subpoena as a separate docket entry.

**DONE** and **ORDERED** in Orlando, Florida on June 20, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record