IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| LOCAL ACCESS, LLC,<br>                *Plaintiff*<br>v.<br>PEERLESS NETWORK, INC.<br>                *Defendant.* | Civil Action No.<br>6:17-cv-00236-PGB-TBS |

### PROTECTIVE ORDER GOVERNING
### THE PRODUCTION OF DISCOVERY MATERIAL

IT IS HEREBY ORDERED that the following terms and conditions shall govern the parties and their respective counsel regarding the production and handling of confidential and/or proprietary documents and information exchanged by and among the parties and third parties throughout the proceedings in *Local Access, LLC v. Peerless Network, Inc.*, Case No. 6:17-cv-00236 (the "Civil Action').

### Materials Covered

1. This Protective Order, and the confidentiality provisions contained herein, shall apply to all documents, information, and other materials disclosed and produced by Local Access and/or Peerless in the Civil Action, and any third-party that produces information in response to a subpoena in the Civil Action (collectively, the "Disclosing Party'), and all oral depositions in the Civil Action. Such documents, information, and other materials shall be referred to hereinafter s "Litigation Material." The party receiving Litigation Material shall be referred to hereinafter as the "Recipient" or "Receiving Party."

### Definition of "Confidential" and "Highly Confidential" Litigation Material

2. "Confidential" Litigation Material shall include Litigation Material so designated by outside counsel of record who reasonably and in good faith believes such material is of the type protectable under Fed. R. Civ. P. 26(c)(1)(G) and which satisfies the following definitions.

- "Confidential" Litigation Material is information that contains, reflects, or reveals: (1) trade secret information (which is a formula pattern device for compilation of information which is used in one's business, and which gives the business an opportunity to obtain an advantage over competitors who do not know or use the trade secret information); (2) proprietary information, such as research and development information, or commercially or competitively sensitive information (as examples); or (3) confidential, non-public personal information concerning individuals.

- "Highly Confidential" Litigation Material is Confidential Litigation Material that (a) has current applicability to the Disclosing Party's business operations and (b) would more likely than not cause competitive harm to the business operations of the Disclosing Party if made public. Highly Confidential Litigation Material is afforded a higher level of confidentiality than Confidential Litigation Material under this Protective Order. The categories of Confidential Litigation Material that shall be deemed Highly Confidential shall be narrowly limited to: customer names and terms of service, and traffic and revenue information.

This Protective Order in no way gives any party unbridled discretion to mark whatever material it chooses to be kept confidential. Rather, documents, information and material must be properly demarcated using the category of legitimately confidential commercial information that are defined above. *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985);

*In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355-57 (11th Cir. 1987).

3. Confidential or Highly Confidential Litigation Material may contain and include information that is confidential to third-parties. A third party producing information to a Recipient in response to a subpoena in the Civil Action may designate its own Confidential or Highly Confidential Litigation Material in accordance with the terms of this Protective Order and the information so designated will be afforded the same confidentiality protections as provided in this Protective Order.

4. Within three (3) business days of receipt of any Litigation Material from any third-party that produces information in response to a subpoena, outside counsel for the Recipient shall make a copy of that Litigation Material available to outside counsel for the other parties. Outside counsel for each party shall have five (5) business days from receipt to determine whether the Litigation Material received from the third-party in response to a subpoena contains any of the party's own Confidential or Highly Confidential Information. If outside counsel for any of the parties believes, in good faith, that any of the party's own Confidential or Highly Confidential Information is contained within the third-party's Litigation Material, that counsel shall notify outside counsel for the other parties, and provide specific designations of what Litigation Material contains the party's Confidential or Highly Confidential Information prior to the expiration of that five (5) business day period.

5. Any disputes between or among the parties concerning the designation of Litigation Material received from third-parties in response to a subpoena shall be resolved as provided in Paragraph 11 below.

6. Litigation Material will not be deemed Confidential or Highly Confidential and protected, and the parties shall use reasonable efforts to ensure that Litigation Material is not

designated as such, if the content or substance of such Litigation Material is at the time of production or disclosure, or subsequently becomes, through no wrongful act or failure to act on the part of the Receiving Party, generally available to the public through publication or otherwise.

### Method of Designation

7. The Disclosing Party may designate as Confidential or Highly Confidential all or any portion of any Litigation Materials as follows:

   a. Litigation Material produced in paper form may be designated as Confidential or Highly Confidential by stamping or writing the legend "Confidential" or "Highly Confidential" on each page of the Litigation Material containing Confidential information at or before production.

   b. Litigation Material produced in an electronic image format may be designated as Confidential or Highly Confidential by marking the legend "Confidential" or "Highly Confidential" on each page of the Litigation Material containing Confidential or Highly Confidential information at or before production.

   c. Litigation Material produced in native electronic format (*e.g.*, Word, Excel, PDF), may be designated as Confidential or Highly Confidential by including the designation of Confidential or Highly Confidential in the file name of such Litigation Material.

   d. Confidential or Highly Confidential Litigation Material produced in electronic native format shall not be distributed electronically without maintaining the designation of "Confidential" or "Highly Confidential" in the file name of such Litigation Material.

e. Deposition testimony, including any audio or video recordings of the deposition testimony, may be designated as Confidential or Highly Confidential by either of the following means: (i) by stating orally on the record that the information is Confidential or Highly Confidential prior to the giving of such testimony; or (ii) by sending written notice designating information as Confidential or Highly Confidential within ten (10) business days of the date on which the transcript is received from the court reporter by counsel. By stating orally that a portion of a deposition is Confidential or Highly Confidential, a party does not thereby waive its right to designate additional portions as such within the ten (10) business day period. All information disclosed during a deposition, including any audio or video recordings of the deposition, shall be deemed to have been designated Confidential or Highly Confidential until ten (10) business days after the final transcript has been received from the reporter, whether or not portions of the transcript have been previously so designated. Following the expiration of the ten (10) business day period, only those portions of the deposition testimony transcript designated as Confidential or Highly Confidential shall be treated as such.

f. Confidential or Highly Confidential Litigation Materials contained in non-deposition audio or video recordings (whether analog or digital), shall be designated as follows:

　　i. If the audio or video recording is a recording produced as a native electronic file (e.g., ".mpg", ".mov," or ".mp3"), the portions of the file containing such Confidential or Highly Confidential Litigation Materials may be designated as Confidential or Highly Confidential pursuant to Paragraph

5

     7(c), with such designated portions extracted or erased from the electronic file prior to the disclosure of such electronic file;

  ii. If the audio or video recording is a recording produced via a separate media format (e.g., DVD, CD, Blu-Ray, VHS, etc.), the portions of the recording containing such Confidential or Highly Confidential Litigation Materials may be designated as Confidential or Highly Confidential by placing the designation on a label affixed to the media being produced itself, and with such designated portions extracted or erased from the recording prior to the disclosure of such electronic file; and

  iii. If the audio or video recording is a recording of deposition testimony, the recording will be designated pursuant to Paragraph 7(e).

 g. Upon request by the Recipient, a Disclosing Party shall, in good faith, review any Litigation Material designated as "Confidential" or "Highly Confidential" to determine whether any part of that Litigation Material may be produced without the confidentiality designation. The Disclosing Party shall notify the Recipient within five (5) business days whether, based on that good-faith review, the Disclosing Party agrees that any part of the Litigation Material can be produced at a lower level of confidentiality, or with no confidentiality designation. Any disputes concerning such a request shall be resolved as provided for in Paragraph 11 below.

8.  Inadvertent production of Litigation Material without any designation shall not constitute a waiver of the right to subsequently designate Litigation Material as Confidential or Highly Confidential. If Litigation Material is inadvertently produced without the appropriate

designation, either party may nevertheless assert that the Litigation Material is Confidential or Highly Confidential, and the parties shall thereafter treat the Litigation Material as such. After such an assertion, the Recipient shall return to the Disclosing Party any paper copies and permanently delete any electronic copies within five (5) business days of receiving notice  The Disclosing Party shall reproduce the Litigation Material with the appropriate designation, in accordance with Paragraph 7 above within five (5) business days of the return of the Litigation Materials. Upon re-designation, the Recipient shall make reasonable efforts to have every entity or individual to whom that party has disclosed the Litigation Material return paper copies and permanently delete electronic copies, and will certify compliance with this request via email. Thereafter, any disputes as to the designation of Litigation Material should be resolved as provided in Paragraph 11.

## Inadvertent Production of Privileged Documents

9.     Inadvertent production of any Litigation Material produced in this action by any party or third-party that the Disclosing Party later claims was an inadvertent disclosure which should have been withheld on grounds of privilege, including the work-product doctrine or attorney-client privilege, will not be deemed to waive any privilege or work-product protection pursuant to the terms of this Protective Order, Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502. The Disclosing Party may request the return of any inadvertently produced Litigation Material, stating the basis for withholding such Litigation Material and providing the information that would be listed on a privilege log. The Recipient shall, within five (5) business days, return to the producing party all copies of the inadvertently produced Litigation Material and certify deletion of any paper and electronic copies.

10. Inadvertent production of any Litigation Material produced in this action by any party or third-party that the Disclosing Party later claims should have been withheld as non-relevant or any other objection, will not be deemed to waive any objection to its production. The Disclosing Party may request the return of any inadvertently produced Litigation Material, stating the basis for withholding such Litigation Material. The Recipient shall, within five (5) business days, return to the Disclosing Party all copies of the inadvertently produced Litigation Material, and certify deletion of any electronic copies.

### Objections to Confidential Treatment

11. The failure to challenge the propriety of a designation of Litigation Material as Confidential or Highly Confidential at the time made does not preclude a subsequent challenge thereto. If, at any time, a party believes that all or part of any Litigation Material designated Confidential or Highly Confidential by the Disclosing Party does not contain Confidential or Highly Confidential material or believes that it is necessary to disclose designated information to persons other than those permitted by this Protective Order, the Recipient must first provide the Disclosing Party with written notice of its objections, and the Disclosing Party shall have five (5) business days after receipt of such written notice to respond to such objections. The parties shall thereafter engage in a good faith effort to resolve the dispute, lasting no more than five (5) business days after receipt of the notice from the Recipient. If the parties cannot resolve the dispute within the five (5) business days after receipt of the notice from the Recipient, the Recipient may make a written motion to this Court objecting to the designation and certifying that good faith efforts to resolve the dispute were attempted but failed. The party designating the challenged part of any Litigation Material as Confidential or Highly Confidential shall bear the burden of proving that it is entitled to such designation and has made a good faith designation thereof. The material in

question will continue to bear the Confidential or Highly Confidential designation and be treated as such until the Court issues a ruling on the dispute and ~~may be filed under seal with the written motion for the Court's review and consideration.~~ *in* with the Court's prior approval

*TBS 7-10-17*

### Use and Treatment of Confidential Litigation Material

12. Any person responsible for making copies of Confidential, or Highly Confidential, Litigation Material must ensure that the copies adequately reflect the confidentiality designation thereof.

13. Litigation Material designated as Confidential, including any copies, notes, abstracts, or summaries thereof, shall be maintained in confidence by the Recipient, and shall not be disclosed to any person except:

   a. The Court; all Court personnel; any discovery referee; or any settlement mediator assigned in the Civil Action;

   b. Court reporters or videographers who record deposition or other testimony in the Civil Action;

   c. Outside U.S. counsel for the parties and their staff;

   d. Inside U.S. counsel for the parties who have executed Attachment A, and their staff;

   e. If the party is a corporate entity, only those directors, officers, and employees of the corporate entity who require the Confidential Litigation Material to perform his or her responsibilities in connection with the Civil Action, and who have executed Attachment A, but only to the extent required to perform his or her responsibilities in connection with the Civil Action;

   f. Experts or consultants retained by the parties or their counsel to assist counsel with this litigation and who have executed Attachment A;

    g. The author, addressees, and recipients of the Confidential Litigation Material, or any person who would have had access to the Confidential Litigation Material by virtue of his/her employment by the party producing the Confidential Litigation Material, as well as deposition and trial witnesses, presently employed by the disclosing party, who have executed Attachment A (subject to the exception for depositions and trial witnesses set forth in Paragraphs 16-17);

    h. Any other person upon the written agreement of the party or non-party who produced or disclosed the Confidential or Highly Confidential Litigation Material (which written agreement may be recorded on a deposition or other transcript); and

    i. Outside copy and computer services personnel located within the United States that have been retained for the purpose of copying, imaging, or indexing Litigation Material.

14. Litigation Material designated as Highly Confidential, including any copies, notes, abstracts, or summaries thereof, shall be maintained in confidence by the Recipient, and shall not be disclosed to any person except:

    a. The Court; all Court personnel; any discovery referee; or any settlement mediator assigned in the Civil Action;

    b. Court reporters or videographers who record deposition or other testimony in the Civil Action;

    c. Outside counsel and general counsel for the parties, and their staff;

    d. Experts or consultants retained by the parties or their counsel to assist counsel in the Civil Action;

e. The author, addressees, and recipients of the Highly Confidential Litigation Material, or any person who would have had access to the Highly Confidential Litigation Material by virtue of his/her employment by the party producing the Highly Confidential Material, as well as deposition and trial witnesses, presently employed by the disclosing party, who have executed Attachment A (subject to the exception for deposition and trial witnesses set forth in Paragraphs 16-17);

f. Any other person upon the written agreement of the party or non-party who produced or disclosed the Highly Confidential Litigation Material (which written agreement may be recorded on a deposition or other transcript), and

g. Outside copy and computer services personnel for purposes of copying, imaging, or indexing Litigation Material.

15. All persons authorized by this Protective Order to receive Confidential or Highly Confidential Litigation Material shall not disclose the Confidential or Highly Confidential information, and shall maintain such information in accordance with this Protective Order. Confidential or Highly Confidential Litigation Material shall be used only for the prosecution or defense of the Civil Action. No party or person receiving Confidential or Highly Confidential Litigation Material shall use such material or the contents thereof for any other business, commercial, or competitive purposes.

16. All persons authorized to receive Confidential or Highly Confidential Litigation Material under this Protective Order (excluding the persons designated in Paragraphs 13(a)-(c), 13(j), 14(a)-(c), and 14(g)) shall be shown a copy of this Protective Order, and shall not be provided Confidential or Highly Confidential information, unless agreeing in advance in writing to abide by the terms of this Protective Order, and by acknowledging their responsibilities to maintain the

Litigation Material as Confidential or Highly Confidential by executing a copy of an acknowledgement set forth in Attachment A. A file shall be maintained by outside counsel of record for a party of all written agreements signed by persons who will receive Confidential or Highly Confidential Litigation Materials from that party or persons affiliated with that party. Nothing in this paragraph shall preclude Confidential or Highly Confidential information produced by a party from being shown to the past or present employees of the Disclosing Party (and other persons designated in Paragraph 13(h)) during a deposition or during examination at trial regardless of whether the employee (or other person designated in Paragraph 13(h) and 14(e) of that party) has agreed in advance in writing to abide by the terms of this Protective Order. If a non-party deposition or trial witness refuses to sign Attachment A, the non-party deposition or trial witness may still be shown Litigation Materials designated as Confidential or Highly Confidential, but the witness will not be given a copy of these materials and the transcript or the deposition or trial will be designated as Confidential or Highly Confidential.

17. In the event any additional party joins, is joined or appears in this action, the newly joined or appearing party shall not have access to Confidential or Highly Confidential Litigation Material until the newly joined or appearing party, by its counsel, has executed its agreement to be bound fully by this Protective Order by executing and delivering to the parties hereto an agreement to be bound by its terms. Nothing in this paragraph shall preclude Confidential or Highly Confidential information produced by a party from being shown to the past or present employees of the Disclosing Party (and other persons designated in Paragraph 13(h) and 14(e)) during a deposition or during examination at trial regardless of whether the employee (or other person designated in Paragraph 13(h) and 14(e) of that party) has agreed in advance in writing to abide by the terms of this Protective Order.

### Unauthorized Disclosure

18.    In the event that information from Litigation Material designated Confidential or Highly Confidential is disclosed to someone not authorized to receive such information under this Protective Order, or if any person so authorized breaches any of his or her obligations under this Protective Order, counsel of record for the party involved shall (after learning of such disclosure or breach) immediately give notice of such unauthorized disclosure or breach, including a reasonable description of all pertinent facts, to counsel of record for the party who initially produced the Confidential or Highly Confidential Litigation Material. Without prejudice to other rights and remedies of the designating party, counsel for the party making the disclosure shall make every reasonable effort to prevent further disclosure by it or by the person who was the recipient of such information.

### Filing Under Seal

19.    If Litigation Material designated Confidential or Highly Confidential, or quotes from or references found in such materials, are to be included in papers filed with or otherwise disclosed to the Court, the Party seeking to introduce such Litigation Material shall *first* move the filing containing such references to be filed under seal via the Electronic Case Filing ("ECF") system for United States District Court for the Middle District of Florida pursuant to Local Rule 1.09. *No papers will be accepted under seal without prior leave of Court.* [TBS 7-10-17]

20.    Within one (1) days of filing a motion for leave to file under seal, the Party filing Litigation Material under seal shall submit an un-redacted copy of any document proposed to be filed under seal to the Courtroom Deputy Clerk. The paper courtesy copy submitted to the Courtroom Deputy Clerk shall be labeled "Confidential Subject to Protective Order." Unless otherwise mutually agreed by counsel for the parties, the paper courtesy copy of such filings or disclosures shall be delivered in sealed envelopes or other appropriately sealed containers to the

Courtroom Deputy Clerk and shall not be available for public inspection. Envelopes or containers used to seal such documents shall bear the notation: "THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION SUBMITTED ~~UNDER SEAL~~ PURSUANT TO A PROTECTIVE ORDER." *TBS 7-10-17*

21. Within one (1) day of filing a motion for leave to file under seal, the Party filing Litigation Material under shall submit an un-redacted coy of any document proposed to be filed under seal to all counsel of record via electronic means.

22. If the Court grants the motion to seal the documents marked Confidential or Highly Confidential because they are properly designated as "Confidential," the Party seeking to file the Litigation Material under seal shall submit an un-redacted copy of any document proposed to be filed under seal to the Clerk of the Court for filing. ~~The paper courtesy copy submitted to the Clerk of the Court shall be labeled "Confidential Subject to Protective Order." Unless otherwise mutually agreed by counsel for the parties, the paper courtesy copy of such filings or disclosures shall be delivered in sealed envelopes or other appropriately sealed containers to the Clerk of the Court and shall not be available for public inspection.~~ *TBS 7-10-17* Envelopes or containers used to seal such documents shall bear the notation: "THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION SUBMITTED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER."

23. If the Court denies the motion to seal the documents marked Confidential or Highly Confidential because they should not have been designated as "Confidential," the party making the motion can file the documents on the public ECF docket and it will not be considered a violation of this Protective Order.

### Subpoena by a Third Party

24. If one of the parties in possession of Confidential or Highly Confidential Litigation Material of the other party receives a subpoena from a third-party seeking production or other

disclosure of the other party's Confidential or Highly Confidential Litigation Material, he or she shall give written notice to counsel for the party who designated the Litigation Material as Confidential or Highly Confidential, enclosing a copy of the subpoena. Where possible, at least ten (10) days' notice before production or other disclosure shall be given. In no event shall production or disclosure be made before notice is given.

### Conclusion of Litigation

25. Within thirty (30) days of the conclusion of any litigation arising out of the Civil Action, including the exhaustion of all appeals, counsel of record for the parties shall destroy all Litigation Material designated by the other parties as Confidential or Highly Confidential. Termination of the Civil Action does not relieve the parties or the individuals who signed Attachment A from their obligations under the Protective Order.

### Amendment of This Agreement

26. ~~The provisions of this Protective Order may be modified at any time by stipulation of the parties.~~ [initialed PB 7-10-17]

27. Nothing contained in this Protective Order shall be construed as a waiver by any party of its right to object on any other permissible grounds to any discovery request, nor as a waiver by any party of another party's obligation to make proper responses to discovery requests. This Protective Order shall not be construed as an agreement by any party to produce any documents or to supply any information and shall not constitute an admission that any such documents that may exist are relevant or material in any way to the issues raised in the Civil Action, nor as a waiver of any privilege with respect thereto.

28. This Protective Order shall be without prejudice to the right of the parties to request additional protection under Fed. R. Civ. P. 26(c) for discovery requests made hereafter by any party.

29.     Nothing in this Protective Order shall be deemed to preclude a party from waiving any protection afforded to its Confidential or Highly Confidential Litigation Material under this Protective Order, nor shall it prevent any party from disclosing its own information to any person it deems appropriate without waiving its rights or obligations under this Protective Order.

30.     Evidence of the existence or non-existence of a "Confidential" or "Highly Confidential" designation under this Protective Order shall not be admissible for any purpose.

### Challenges

31.     Issuance of this Protective Order cannot be given preclusive effect as a determination for good cause for purposes of Fed. R. Civ. P. 26(c) if at a future time a party or interested member of the public moves for relief from the limitations of the order. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313-15 (11th Cir. 2001). At that time, the Court will engage in an appropriate assessment of the interests between privacy and public access to make a determination of good cause as to the challenged Litigation Material in light of facts before the Court. *Id.*

**Done and Ordered** in Orlando, Florida on July 10, 2017.

Thomas B. Smith
United States Magistrate Judge

Copies to: Counsel of Record