UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOCAL ACCESS, LLC,

    Plaintiff,

v.                                                    Case No: 6:17-cv-236-Orl-40TBS

PEERLESS NETWORK, INC.,

    Defendant.

## ORDER

This case comes before the Court without oral argument on Plaintiff's Unopposed Motion to Seal Pursuant to Court Order its Response in Opposition to Defendant's Motion to Compel Local Access for Discovery and for Sanctions and Some Exhibits Thereto (Doc. 61). Defendant does not oppose the motion (Id., at 6).

A party seeking to file information under seal in this district must first comply with Local Rule 1.09. The rule requires the moving party to file a motion in which it identifies and describes each item proposed for sealing. Id. The motion must include: (1) the reason that filing each item is necessary; (2) the reason that sealing each item is necessary; (3) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (4) the proposed duration of the seal; and (5) a memorandum of legal authority supporting the seal. Id. Plaintiffs' motion satisfies these requirements.

"The filing of documents under seal is disfavored by the Court." Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co., No. 3:10-cv-891-J-JBT, 2010 WL 6790538, at *1 (M.D. Fla. Oct. 28, 2010). While the parties to a lawsuit "have protectable privacy interests in

confidential information disclosed through discovery," once the information becomes a judicial record or public document, the public has a common-law right to inspect and copy the information. In re Alexander Grant & Co. Litig., 820 F.2d 352, 355 (11th Cir. 1987). "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, (11th Cir. 1992); Patent Asset Licensing, LLC v. Wideopenwest Fin., LLC, No. 3:15-cv-743-J-32MCR, 2016 WL 2991058, at *1 (M.D. Fla. May 24, 2016). "[I]t is the rights of the public, an absent third party, which are preserved by prohibiting closure of public records, unless unusual circumstances exist." Wilson v. Am. Motors Corp., 759 F.2d 1568, 1570 (11th Cir. 1985).

"Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007). "A substantive pretrial motion is '[a] motion that is presented to the court to invoke its powers or affect its decisions, whether or not characterized as dispositive, [and it] is subject to the public right of access." Id. at 1246 (quotation marks and citation omitted).

"The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record." Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 184 F. Supp. 2d 1353, 1363 (N.D. Ga. Feb. 15, 2002) (quoting Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999)). "The right to inspect and copy is not absolute, however, and a judge's exercise of discretion in deciding whether to release judicial records should be informed by a sensitive appreciation of the circumstances that led to the production of the particular

document in question." Chemence Med. Prods., Inc. v. Medline Indus., No. 1:13-CV-500-TWT, 2015 WL 149984, at *1 (N.D. Ga. Jan. 12, 2015).

The public's right of access may be overcome by a showing of "good cause" sufficient for the granting of a protective order pursuant to FED. R. CIV. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person form annoyance, embarrassment, oppression, or undue burden or expense …"). "'Good cause' is a well established legal phrase. Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action." In re Alexander Grant, 820 F.2d at 356.

Good cause is established by showing that disclosure will cause "a clearly defined and serious injury." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994). See also Kamakana v. City and County of Honlulu, 447 F.3d 1172, 1181 (9th Cir. 2006) (party seeking to seal dispositive motion papers "must 'articulate[] compelling reasons supported by specific factual findings.'" (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003) (alterations in original)). Indeed, the Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." Romero, 480 F.3d at 1246.

The Eleventh Circuit has "superimposed a somewhat more demanding balancing or interests approach to the" good cause requirement in Rule 26(c). Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985). This means that before making its decision, the court has a duty to balance the public's right of access against the party's interest in confidentiality. "In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among

other facts, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Romero, 480 F.3d at 1246 (citation omitted).

Plaintiff asks the Court to seal information which Defendant has designated "confidential," and settlement discussions the parties intended to remain confidential (Doc. 61 at 2-3). The issue presented is not new. See Local Access, LLC and Blitz Telecom Consulting, LLC v. Peerless Network, Inc., Case No. 6:14-cv-399-Orl-40TBS. As this Court has already found, a party's interest in the privacy of its financial records and the terms of confidential agreements may outweigh the public's right of access. Graphic Packaging Int', Inc. v. C.W. Zumbiel Co., No. 3:10-cv-891-J-JBT, 2010 WL 6790538, at *1 (M.D. Fla. Oct 28, 2010); Medai, Inc. v. Quantros, Inc., No. 6:12-cv-840-Orl-37GJK, 2012 WL 2512007, at *2-3 (M.D. Fla. June 29, 2012). So, for example, when a party seeks to enforce a confidential settlement agreement, some courts have permitted the filing of the agreement under seal to preserve confidentiality. See, e.g. Webimax, LLC v. Johnson, No. 3:11-cv-993-J-34JBT, 2013 WL 497843, n.2 (M.D. Fla. Jan. 11, 2013), *report and recommendation adopted*, 2013 WL 489134 (M.D. Fla. Feb. 8, 2013); Berman v. Kafka, No. 3:10-cv-718-J-32MCR, 2012 WL 12903790, n.2 (M.D. Fla. Feb. 6, 2012), *report and recommendation adopted*, 2012 WL 12903791 (M.D. Fla. Apr. 24, 2012), *aff'd,* 518 F. App'x 783 (11th Cir. 2013).

After conducting the balancing test, the Court finds that the parties' interests in the privacy of the information sought to be filed under seal outweighs the public right of

access. Accordingly, the motion is **GRANTED**. Plaintiff shall file its unredacted response to Defendant's motion to compel **UNDER SEAL**. A redacted version of the response shall be filed on the public docket.

Plaintiff proposes that the information be held under seal for a period of five years (Id., at 3). The Court's local rules generally provide for sealing for up to one year which is renewable on motion made before the expiration of the seal. M.D. FLA. 1.09(c). However, this situation involves a confidential settlement that will, as matters now stand, be in effect for five years (Id., at 3). Therefore, the information to be sealed pursuant to this Order shall remain sealed until the earlier of: (1) an order unsealing the information; or (2) November 7, 2022. Prior to the expiration of the seal, any party may file a motion to extend the seal.

**DONE** and **ORDERED** in Orlando, Florida on November 7, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record