UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOCAL ACCESS, LLC,

    Plaintiff,

v.                                                                      Case No: 6:17-cv-236-Orl-40TBS

PEERLESS NETWORK, INC.,

    Defendant.

## REDACTED ORDER

This case comes before the Court without oral argument on Peerless Network, Inc.'s Motion to Compel Local Access for Discovery and for Sanctions (Doc. 55), and Local Access' response in opposition to the motion (Doc. 60).

### Background

Local Access and Peerless are parties to a contract ("Contract") which provides, among other things, that Peerless will furnish "Homing Tandem Service" for Local Access (Doc. 1-1). In an amendment to the Contract that was effective August 5, 2015, Peerless agreed to share (exclusive of certain charges), 75% of collected tandem access revenue it received for the delivery of tandem access InterMTA and InterLATA traffic with Local Access (Doc. 1-2).

The Contract includes a provision stating that if Local Access "provides written proof of a competitive offer from another carrier for the specific service being provided under this agreement; and (2) Peerless does not match the competitive price being offered for this specific service, [Local Access] will then be entitled to reroute traffic pursuant to the alternative proposal (this right constitutes the "Peerless Price Guarantee") (Doc. 1-1 at § 3.3). On August 24, 2015, Local Access received a competitive offer from

Inteliquent, Inc. (Doc. 1 at ¶¶ 24-25). When Peerless did not match the offer, Local Access began rerouting its traffic to Inteliquent (Id.). Although Local Access now does business with Inteliquent, it alleges that some of its traffic remains on the Peerless' network (Id. at ¶ 26).

Local Access complains that Peerless breached the Contract and has been unjustly enriched because, from August 5, 2015 to the present, it has failed to provide reports, an accounting, or compensation for traffic routed to Peerless under the Contract (Id. at ¶ 27). Peerless has filed a motion to dismiss Local Access' complaint (Doc. 14).

Peerless alleges that Local Access failed to disclose all of the terms of the Inteliquent offer, and that if it had, Peerless might have decided to match the offer (Doc. 41 at 10-11). Peerless also claims that once it ceased to be Local Access' exclusive provider of Homing Tandem Services, it was no longer obligated to share 75% of the collected tandem access revenue with Local Access (Doc. 55 at 4). But, Peerless asserts that under § 7.2 of the Contract, it retains the right to be the exclusive provider of transit services to Local Access within its footprint (Id.).

The instant dispute concerns requests for production and an interrogatory Peerless propounded to Local Access. Some of this discovery concerns "Call Detail Records" (Id. at 10). Peerless explains that Call Detail Records

> [A]re computerized records that provide information on calls transferred between carriers. Among other things, [Call Detail Records] contain telephone numbers from which the call originated, telephone numbers to which the call terminated, the type of traffic (jurisdiction) involved for those calls, the volume of traffic, and which carriers transferred, carried, or delivered the traffic.

(Id. at 12). Peerless has asked Local Access to produce its Call Detail Records so that Peerless can determine when, and what types of traffic Local Access rerouted to

Inteliquent or some other third party, and also determine whether Local Access complied with the Peerless Price Guarantee and ███████████ (Id.).

Peerless is also attempting to discover Local Access' contracts with any Homing Tandem Provider, communications relating to the negotiation and execution of those contracts, and communications between Local Access and Inteliquent concerning the provision of Tandem Services by Inteliquent to Local Access (Id. at 13-15). Peerless argues that this information is relevant to determine whether Local Access provided written proof of all the material terms of every competitive offer it received to Peerless (Id. at 14).

In addition, Peerless seeks information concerning payments made to and from Inteliquent and other third parties for traffic routed away from Peerless (Id. at 15-18). Peerless contends that this information is relevant to Local Access' compliance with the Contract and the calculation of Local Access' damages (Id. at 17).

Lastly, Peerless alleges that Local Access has not complied with the parties' ESI Agreement because the documents it has produced do not contain certain metadata fields (Id. at 18-19).

## Legal Standards

The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." Farnsworth v. Proctor & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985). "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." Oliver v. City of Orlando, No. 6:06-cv-1671-Orl-31DAB, 2007 WL 3232227, at * 1 (M.D. Fla. Oct. 31, 2007) (citing United States v. Proctor &

Gamble Co., 356 U.S. 677, 682 (1958)); see also U.S. v. Pepper's Steel & Alloys, Inc., 132 F.R.D. 695, 698 (S.D. Fla. 1990) (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)).

Parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351(1978). A discovery request "should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 296 (E.D. Pa. 1980); see also Deitchman v. E.R. Squibb & Sons, Inc., 740 F.2d 556 (7th Cir. 1984) (If court is in doubt concerning the relevancy of requested discovery the discovery should be permitted.).

### Discussion

#### A. Requests for Production

Each of the requests for production to which Local Access has made objection asks for "all documents" concerning a particular matter.[1] Local Access argues that the phrase "all documents" necessarily makes the requests overbroad (Doc. 60 at 7-8). The Middle District Discovery Handbook[2] explains that "a request for 'each and every document supporting your claim' or a request for 'the documents you believe support

---

[1] Those matters include Local Access' communications with other tandem service providers, contracts to reroute services, the routing of telephone calls to someone other than Peerless, the routing of calls through a tandem provided by Inteliquent, communications between Local Access and Inteliquent concerning the provision by Inteliquent of tandem services to Local Access, Call Detail Records, and Local Access' damages (Doc. 55 at 10-17).

[2] The Handbook provides guidance and advice; it is not law, and is not binding upon the Court.

- 4 -

Count I' is objectionably broad in most cases." Middle District Discovery (2015) at 11; see Lane v. Guar. Bank, 6:13-cv-259-Orl-36, 2013 WL 4028185, at *2 (M.D. Fla. Aug. 7, 2013); Wiand v. Wells Fargo Bank, N.A., 8:12-cv-557-T-27EAJ, 2013 WL 6170610, at *3 (M.D. Fla. Nov. 22, 2013). The Court overrules this objection. Peerless' requests specify the subject matter of the requests, they are not as broad as the examples provided in the Handbook, and with some exceptions, they are limited to information related to the issues in the case.

Local Access complains that the requests are also overbroad to the extent they seek all communications between it and Inteliquent (Doc. 60 at 12). The Court agrees that discovery of communications between Local Access and Inteliquent should be limited to the claims and defenses in this case.



██████████████████████████████████████████████████

████████████████████████████████████████████

████████

████████████, Peerless argues that it is entitled to the information it seeks because payments Local Access made to or received from other carriers, including Inteliquent, is relevant to Local Access' damages claim (Doc. 55 at 17). That may be true, but ████████████████████████████████████████████████.

Local Access has produced its agreement with Inteliquent (Doc. 60 at 11). Now, it argues that the negotiations which preceded that agreement are not discoverable because they have nothing to do with this case, and because they merged into the final contract (Id. at 11-12). Contrary to Local Access' arguments, the negotiations are relevant to show whether Local Access performed all of its obligations related to the Peerless Price Guarantee.

Local Access also argues that payments concerning traffic which it rerouted from Peerless is not relevant to any issues raised in the pleadings (Id. at 13-14). At the moment, Local Access' complaint is the only pleading in the case, and it only seeks damages for traffic Local Access routed through Peerless. Consequently, apart from the ████████████████████████████████, this objection is well taken.

Local Access contends that outbound traffic has nothing to do with this dispute (Id. at 10-11). It represents that it "asked counsel for Peerless to 'advise what outbound traffic has to do with the dispute raised in the instant case,'" and that "[t]here was no response to that request and there is still nothing in the pleadings of this case that has anything to do with outbound calling." (Id. at 10). The Court sustains this objection.

Local Access objects that the phrase "homing tandem type services" as used in the requests for production is undefined and requires clarification (Id. at 12). In the Contract, the parties defined "Services" to mean "any and all components required to provide Customer with Homing Tandem Service." (Doc. 1-1 at § 1.6). The Court reads "homing tandem type services," as used by Peerless in these requests to mean the same thing as "Services" in the Contract.

The amendment to the Contract provides that the parties' agreement for the provision of interMTA, interLATA, and Homing Tandem Services is intended to apply to "all markets covered by this offer" (Doc. 1-2 at 2). Peerless is not entitled to discovery concerning markets not covered by the Contract.

Based upon the foregoing, Peerless' motion to compel requests for production 7, 12, 13, 14, 19, and 22 is **GRANTED** to the extent these requests seek information concerning:

(1) ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ This includes but is not limited to Call Detail Records and the routing of calls through a tandem other than the Peerless' tandem;

(2) Communications (this includes but is not limited to negotiations), concerning any potential or actual agreement between Local Access and Inteliquent for the provision of the same services which Peerless had contracted to provide to Local Access from the inception of the Contract through August 24, 2015; and

(3) The methodology by which Local Access' calculates its damages claimed in this case.

The motion to compel production is **DENIED** in all other respects. The Court acknowledges that its ruling on these requests for production is narrower than earlier discovery rulings in the case. The Court attributes this to what it believes is a better understanding of the case.

B. Interrogatory

Peerless' second interrogatory asks Local Access to state, for certain jurisdictions, the first date on which Local Access routed telephone calls destined to or delivered from its end offices using a tandem provider other than Peerless (Doc. 55 at 16-17). Peerless also asks Local Access to identify the provider of the tandem services it used (Id.). Peerless argues that this information is relevant to Local Access' performance of the Contract and to the calculation of Local Access' damages (Id. at 17). Local Access represents that the jurisdictions for which Peerless seeks this information are outside the Peerless' footprint and therefore, not relevant (Doc. 60 at 15). Based upon this representation, ████████████████████████████████████████████

████ Peerless' motion to compel a response to this interrogatory is **DENIED**.

C. Alleged Breach of the Parties' ESI Agreement

The parties entered into an Electronically Stored Information Agreement to facilitate discovery (Doc. 55-2 at 14-25). Among other things, the agreement provides that all documents will be produced in a Load File which contains "full text extracts" and, to the extent available, specific fields of metadata (Id. at 20-21). Local Access collected responsive documents by having them emailed to a single person and then produced the information that was forwarded to that individual. Peerless alleges that the act of forwarding the emails destroyed the original metadata, and replaced it with the metadata for the forwarding email (Doc. 55 at 2). If true, this would be a breach of the ESI

- 8 -

Agreement. Peerless also alleges that Local Access has refused to produce the actual responsive documents with their unaltered metadata (Id.). Local Access states that Peerless' claims are "completely untrue." (Doc. 60 at 2). It says "[t]he act of forwarding an email does not alter or destroy the metadata contained in the original email." (Id.) Local Access also represents that it has produced "all of the original emails that Peerless identified in its correspondence." (Id., at 6). The Court does not know which party has given it accurate information. If the parties have not already resolved this dispute between themselves, then someone should contact the Courtroom Deputy to schedule an evidentiary hearing on the matter. At that hearing the parties can present their evidence, including their expert witnesses, and the Court will decide the issue.

### D. Attorney's Fees and Costs

On a motion to compel, the court ordinarily awards to the prevailing party, its reasonable expenses, including attorney's fees. FED. R. CIV. P. 37(a)(5). The Rule recognizes three exceptions:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5)(A). In this case the Court has issued a mixed ruling, and has not disposed of Peerless' claims concerning metadata. Accordingly, the Court finds that "other circumstances make an award of expenses unjust," in this instance.

**DONE** and **ORDERED** in Orlando, Florida on November 21, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record