UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOCAL ACCESS, LLC,

    Plaintiff,

v.                                        Case No:   6:17-cv-236-Orl-40TBS

PEERLESS NETWORK, INC.,

    Defendant.

## ORDER

This case comes before the Court on Peerless's Motion to Seal Answer to Second Amended Complaint and Amended Answer Affirmative Defenses and Counterclaims (Doc. 147). Peerless seeks leave of Court to seal those portions of its pleading which it represents, contain information designated "Confidential" or "Highly Confidential" by Plaintiff and non-party Inteliquent, Inc., and information constituting settlement negotiations the Court has previously found to be confidential.

"The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record." Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 184 F. Supp. 2d 1353, 1363 (N.D. Ga. Feb. 15, 2002) (quoting Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999)). "The right to inspect and copy is not absolute, however, and a judge's exercise of discretion in deciding whether to release judicial records should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in

question." Chemence Med. Prods., Inc. v. Medline Indus., No. 1:13-CV-500-TWT, 2015 WL 149984, at *1 (N.D. Ga. Jan. 12, 2015).

The public's right of access may be overcome by a showing of "good cause" sufficient for the granting of a protective order pursuant to FED. R. CIV. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person form annoyance, embarrassment, oppression, or undue burden or expense …"). "'Good cause' is a well established legal phrase. Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action." In re Alexander Grant, 820 F.2d 352, 356 (11th Cir. 1987). The Eleventh Circuit has "superimposed a somewhat more demanding balancing or interests approach to the" good cause requirement in Rule 26(c). Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985). This means that before making its decision, the court has a duty to balance the public's right o access against the party's interest in confidentiality. The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245-1246 (11th Cir. 2007).

Peerless has satisfied the requirements of Local Rule 1.09 and good cause exists to seal the information in question. Accordingly, the motion is **GRANTED**. Peerless shall file its unredacted answer, affirmative defenses and counterclaims **UNDER SEAL**. The seal shall remain in force for a period of **one (1) year** from the rendition of this Order, pursuant to Local Rule 1.09(c). Any party may seek an extension of the seal on motion filed before the seal expires. Peerless shall redact from its pleading filed on the public docket the information which has been designated "Confidential" or "Highly Confidential" by Plaintiff and/or Inteliquent, and the confidential settlement negotiations.

DONE and ORDERED in Orlando, Florida on April 16, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record