UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOCAL ACCESS, LLC,

    Plaintiff,

v.                                            Case No:  6:17-cv-236-Orl-40TBS

PEERLESS NETWORK, INC.,

    Defendant.

## ORDER

This case comes before the Court without a hearing on Plaintiff, Local Access, LLC's Motion to Compel Discovery and for Sanctions (Doc. 136). Defendant, Peerless Network, Inc. has filed a response in opposition (Doc. 148). The motion is due to be **GRANTED in part** and otherwise **DENIED.**

## Background

In December, Local Access filed its Amended Complaint (Doc. 86) and, on January 12, 2018, Peerless filed its Answer, Affirmative Defenses, and Counterclaims (Doc. 94). On January 26, 2018, Local Access served its Third Request for Production to Peerless (Doc. 136-1 - "subject requests"), seeking "the documents that Peerless believes support the claims and defenses it asserted in its Answer and Counterclaim" (Doc. 136 at 2). On February 26, 2018, Peerless served its response to the subject requests (Doc. 136-2).

Prior to the service of the response, the Court held a hearing on numerous discovery motions filed by the parties (Doc. 131). In a sealed Order, the Court, among

other rulings, directed Peerless to produce its invoices to all third party carriers (not end user customers) from August 5, 2015 to the present (Doc. 132-sealed).

On March 5, 2018, after the briefing on the instant motion and subsequent to the discovery hearing, Local Access filed its Second Amended Complaint (Doc. 135). This motion to compel followed on March 12, 2018 (Doc. 136).

Peerless filed its Answer to Second Amended Complaint and Amended Affirmative Defenses and Counterclaims on March 26, 2018 (Doc. 146), the same day that it responded to the motion to compel (Doc. 148). Also on March 26, 2018, Peerless served Amended Responses and Objections to Local Access's Third Requests ("amended responses") (Doc. 148-1) and, it represents, provided additional documents (Doc. 148 at 3).

Although the motion asserts that Peerless has failed to produce a single document in response to the subject requests (Doc. 136 at 2), Peerless contends that, with the exception of privileged documents, it agreed to produce responsive documents and has since produced a significant quantity of those documents to Local Access (Doc. 148 at 1-3).[1] Peerless also contends that some of Local Access' requests have been mooted by amendments to the pleadings and the service, on March 26, 2018, of the amended response to the subject requests (Id., at 3, 18-19). Noting these subsequent developments, I directed the filing of a status report as to the motion (Doc. 160) and Plaintiff responded that "[d]espite Peerless's arguments to the contrary, Peerless has not complied with Local Access's Third Set of Requests for Documents and has not produced

---

[1] Peerless contends: "To date, Peerless has produced five volumes of documents, consisting of over five-hundred pages of e-mail and other responsive documents, millions of call detail records (CDRs), and damages-related documents. And, in compliance with this Court's prior Order (ECF 132, 138), Peerless is expected to produce thousands of invoices to Local Access by April 12, 2018." (Doc. 148 at 3).

all of the documents which it represented to this Court that it would or has produced" and, therefore, the issues set forth in the motion to compel remain (Doc. 171).

## Standards of Law

The scope of discovery is well known:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1). The rules "strongly favor full discovery whenever possible." Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985). That said, relevancy is key. "The discovery process is designed to fully inform the parties of the relevant facts involved in their case." U.S. v. Pepper's Steel & Alloys, Inc., 132 F.R.D. 695, 698 (S.D. Fla. 1990) (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)). "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." Oliver v. City of Orlando, No. 6:06-cv-1671-Orl-31DAB, 2007 WL 3232227, at * 1 (M.D. Fla. Oct. 31, 2007) (citing United States v. Proctor & Gamble Co., 356 U.S. 677, 682 (1958)). "[R]equiring relevance to a claim or defense 'signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified

in the pleadings.'" Builders Flooring Connection, LLC v. Brown Chambless Architects, No. 2:11CV373-MHT, 2014 WL 1765102, at *1 (M.D. Ala. May 1, 2014) (quoting GAP Report of Advisory Committee to 2000 amendments to Rule 26). "As the Advisory Committee Notes say, '[t]he Committee intends that the parties and the court focus on the actual claims and defenses involved in the action.'" Liese v. Indian River Cty. Hosp. Dist., 701 F.3d 334, 355 (11th Cir. 2012) (quoting the GAP Report).

Parties can seek the production of information within the scope of Rule 26(b). See FED. R. CIV. P. 34. A party objecting to a request for production must: (1) "state with specificity the grounds for objecting to the request, including the reasons;" (2) "state whether any responsive materials are being withheld on the basis of that objection;" and (3) "[a]n objection to part of a request must specify the part and permit inspection of the rest." Rule 34(b)(2). The rules leave no place for boilerplate style objections. Siddiq v. Saudi Arabian Airlines Corp., No. 6:11-cv-69-Orl-19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011) (quoting Milinazzo v. State Farm Ins. Co., 247 F.R.D. 691, 695 (S.D. Fla. 2007)).

## Discussion

Local Access takes issue with Peerless's responses to Requests 36-59 to the extent Peerless has objected based on: (1) attorney-client or work product privilege; (2) overbreadth or undue burden; (3) mootness due to the filing of amended pleadings or production by other parties; and (4) withholding of documents that it intends to use for impeachment purposes. Local Access also asserts that Peerless's claim that documents have already been produced is not a sufficient response, unless Peerless identifies, by Bates number, which produced documents relate to the particular requests.

In its response, Peerless stands by its objections, points to its past production of

documents and compliance with the Order at hearing, and notes the ongoing nature of the production. Peerless also argues that the Court previously ruled that it did not need to identify which documents it was producing that were responsive to each request. I treat each matter in turn.

*Attorney/Client and work product*

As characterized by Local Access, the requests "seek[ ] the documents that Peerless believes support the claims and defenses it asserted in its Answer and Counterclaim" (Doc. 136 at 2). For example,

> DOCUMENT REQUEST 36: All documents, ESI, and things relating to, referencing, or identifying any facts or information in support of Your Answer numbered 15 in the Answer and Counterclaim whereby "Peerless denies that Local Access submitted "written proof of a competitive offer to Peerless' sufficient to satisfy the terms of Exhibit A to the Amended Complaint on February 22, 2014".

> DOCUMENT REQUEST 39: All documents, ESI, and things relating to, referencing, or identifying any facts or information in support of Your denial to paragraph numbered 23 of the Answer and Counterclaim that Local Access performed under the Contract and First Amendment.

> DOCUMENT REQUEST 43: All documents, ESI, and things relating to, referencing, or identifying any facts or information relating to Your assertion that "Local Access committed fraud to obtain the compensation sought in the Amended Complaint."

Peerless's responses to all of the subject requests, except for Request 42, include some variation of the following objection:

> Peerless objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, work-product doctrine, or any other privilege. Peerless further objects to this Request because it calls for the compilation of information related to [a "legal conclusion" or "Peerless's pleadings"]. Peerless further objects to this request on the basis that it seeks the production of attorney work product; Peerless is not required to provide documents

- 5 -

> which its counsel considers to be supportive of Peerless's
> contentions.

Noting that no privilege log has been tendered, Local Access contends that Peerless cannot hide behind the work product doctrine or attorney client privilege to withhold from discovery the documents that it contends support its claims and defenses. The Court agrees.

The work-product doctrine, codified in FED. R. CIV. P. 26(b)(3), protects from discovery "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Id.

> Attorney work product protection extends to material obtained or prepared by counsel in the course of their legal duties provided that the work was done with an eye toward litigation. See FED. R CIV. P. 26(b)(3)(A); Cox v. Adm'r U.S. Steel & Carnegie, 17 F.3d 1386, 1421-22 (11th Cir. 1994). Work product protection prevents most inquiries into an attorney's work files and mental impressions. Hickman v. Taylor, 329 U.S. 495, 510, 67 S.Ct. 385, 91 L.Ed. 451 (1947). The purpose of this protection is to protect the integrity of the adversary process by allowing a lawyer to work "with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." Id.
>
> But the protection afforded to work product is not absolute. Discovery may be had into factual work product upon a party showing "substantial need for the materials to prepare its case" and that it "cannot, without undue hardship, obtain their substantial equivalent by other means." FED. R. CIV. P. 26(b)(3)(A). Greater protection is given to the attorney's opinion work product–that is, materials containing "the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." FED. R. CIV. P. 26(b)(3)(B). Such materials "enjoy [ ] a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances." Cox, 17 F.3d at 1422 (internal quotation marks omitted).

Drummond Co., Inc. v. Conrad & Scherer, LLP, 885 F.3d 1324, 1334-35 (11th Cir. 2018).

The party asserting the attorney client privilege or the work-product doctrine has the burden of establishing its application to each document. See Rep. of Ecuador v. Hinchee, 741 F.3d 1185, 1189 (11th Cir. 2013). In the absence of a privilege log, it is impossible to determine which documents are being withheld and, thus, evaluation of the privilege on a document by document basis is foreclosed. To the extent Peerless is contending that any particular document otherwise responsive to a request is being withheld based on privilege, its failure to produce the required log waives the objection as to that document. But, that does not appear to be the basis of Peerless's work product objection. Rather, Peerless objects to the compilation of documents that are not privileged.

It argues that Local Access has "wrongfully phrased" its requests and motion to "compel Peerless[ ] or its counsel to categorize and compile information already produced, to obtain Peerless's thoughts and strategies related to the claims and defenses set forth in the Original Counterclaims." (Doc. 148 at 13). This information is protected, it claims, as "[t]he selection and compilation of documents by counsel […] falls within the highly-protected category of opinion work product." Sporck v. Peil, 759 F.2d 312, 316 (3d Cir. 1985). Peerless asserts that it is not required to produce communications between it and its counsel related to opinions or advice of which documents or information will provide "evidence" to support Peerless's counterclaims, whether any competitor's offer was in fact "accurately" depicted to Peerless (Request 38), whether any competitor's offer was "competitive" (Request 37), or whether any offer otherwise "satisfied" the terms of the parties' Homing Tandem Agreement ("HTA") (Request 37). Peerless argues it is not required to produce communications between it and its counsel giving opinions or advice on whether Local Access performed, or breached, the HTA or First Amendment to the

- 7 -

HTA (Request 45) and is not required to produce communications between it and its counsel related to opinions or advice on whether Local Access's conduct was in-fact fraudulent (Requests 43, 44). The Court is not persuaded by Peerless's characterizations of the subject requests.

Peerless has pled denials and affirmative defenses and the subject requests, reasonably construed, seek the factual basis for these denials and defenses. There is nothing inherently objectionable about these requests. Indeed, Peerless acknowledges that, had Local Access drafted its Third Requests to seek documents and information "sufficient to identify" facts and information regarding certain legal positions, the requests "could have been tenable" (Doc. 148 at 14). Although Peerless argues that "The selection and compilation by Peerless's counsel of the key documents–from those that were already produced to Local Access–that were used to support the allegations stated in its Amended Counterclaims would reveal strategies and opinions regarding the case," the Court finds this conclusory statement unconvincing. Nor does the Court find the Sporck doctrine relied upon by Peerless to be applicable here.

Sporck was decided by a divided panel of the Third Circuit and dealt with whether a party could compel the identification of documents selected by an attorney for his client to review in preparation for deposition. The Sporck court held: "We believe that the selection and compilation of documents by counsel in this case *in preparation for pretrial discovery* falls within the highly-protected category of opinion work product." Sporck, 759 F.2d at 316 (emphasis added). The subject requests do not seek documents selected in preparation for pretrial discovery; they seek the factual basis of averments already pled. Moreover: "Since Sporck was decided ..., there has been a good deal of disagreement and/or distinguishing case law, holding that mere selection and grouping of information by

counsel for a deponent to review does not automatically transform discoverable documents into work product." In re Seroquel Prod. Liab. Litig., No. 606MD-1769ORL-22DAB, 2008 WL 215707, at *2 (M.D. Fla. Jan. 24, 2008), aff'd, No. 6:06MD1769 ORL22DAB, 2008 WL 591929 (M.D. Fla. Feb. 28, 2008). As another court has noted:

> The Eleventh Circuit has not had opportunity as yet to consider the applicability of the Sporck doctrine. The cases within this Circuit that have had such opportunity, however, have recognized the far-reaching effects of the decision, and have crafted a narrower application of the doctrine. See, e.g., Hunter's Ridge Golf, Co., Inc. v. Georgia Pacific Corp., 233 F.R.D. 678, 681 (M.D.Fla.2006); Jackson v. Geometrica, Inc., 2006 WL 510059 (M.D. Fla. Mar 2, 2006); In re Seroquel Products Liability Lit., 2008 WL 215707 (M.D.Fla.2008). Much of this narrower application derives from the Sporck dissent and the San Juan fire case wherein the First Circuit recognized that "not every item which may reveal some inkling of a lawyer's mental impressions, conclusions, opinions, or legal theories is protected as opinion work product .... Were the doctrine to sweep so massively, the exception would hungrily swallow up the rule." 859 F.2d at 1015.
>
> Under this narrower application, as it has evolved, a party asserting an attorney opinion privilege claim must come forward with some evidence that disclosure of the requested documents creates a real, non-speculative danger of revealing counsel's thoughts.

In re Trasylol Prod. Liab. Litig., No. 08-MD-1928, 2009 WL 936597, at *4 (S.D. Fla. Apr. 7, 2009). Here, the mere assertion that the production of the documents sought would reveal counsel's thought processes "does not come close to meeting that burden." See, generally, Chase v. Nova Se. Univ., Inc., No. 11-61290-CIV, 2012 WL 204173, at *2 (S.D. Fla. Jan. 24, 2012); see also In re Automative Refinishing Paint Antitrust Litig., No. MDL 1426, 2006 WL 1479819, at *7 (E.D.Pa.2006) ("Unlike Sporck or Shelton, Defendants are not inquiring into whether or how Plaintiffs used documents in preparing their case. Rather, Defendants just want to know whether Plaintiffs possess any such documents at

all. They are merely seeking to uncover the factual basis for Plaintiffs' claims–the central purpose of discovery."); Koster v. Landmark Am. Ins. Co., No. 5:14-CV-689-OC-37PRL, 2016 WL 3014605, at *3 (M.D. Fla. May 20, 2016) (rejecting similar claim of work product, noting "general facts to support an affirmative defense do not invade counsel's thought-process." (internal citation omitted).) Accordingly, Peerless's objection is **overruled.**

That said, the Court does not agree with Local Access that Peerless must necessarily identify by Bates number all documents responsive to each specific subject request. Per the Rule, "A party must produce documents as they are kept in the usual course of business **or** must organize and label them to correspond to the categories in the request." Rule 34(b)(2)(E)(i), FED. R. CIV. P. (emphasis added). Importantly:

> The Court observes that it is not good faith for the requesting party to steadfastly maintain that the documents must be specifically linked to specific requests. That would make the first phrase of Rule 34(b)(2)(E)(i) meaningless. Likewise, it would not be good faith for the producing party to simply produce all of the documents in its possession and respond, "this is how the documents are kept in the ordinary course of our business; here's an index; good luck figuring it out; the rules require you to comb through the proverbial haystack and find the needle you are looking for."

In re Mentor Corp. Obtape Transobturator Sling Prod. Liab. Litig., No. 4:08-MD-2004, 2009 WL 152495, at *2 (M.D. Ga. Jan. 22, 2009). "While Rule 34 does not obligate a producing party to per se organize and label usable documents for the requesting party's convenience, a party exercising Rule 34's option to produce records as they are kept in the usual course of business should 'organize the documents in such a manner that [the requesting party] may obtain, with reasonable effort, the documents responsive to their requests.'" Armor Screen Corp. v. Storm Catcher, Inc., No. 07-81091-CIV, 2009 WL 291160, at *2 (S.D. Fla. Feb. 5, 2009) (internal citation omitted).

To the extent Peerless claims that it has already produced responsive documents, the Court cannot tell which option of the Rule it exercised in making its responsive production, nor can the Court evaluate the sufficiency of any production log or index Peerless may have tendered.[2] Assuming the documents were not labelled as corresponding to a particular request, Peerless should supplement its response to make clear that it has produced documents responsive to a request, and generally identify the responsive documents so that Plaintiff, with reasonable effort, may locate them in the production. See Teledyne Instruments, Inc. v. Cairns, No. 6:12-CV-854-ORL-28, 2013 WL 5781274, at *8 (M.D. Fla. Oct. 25, 2013) ("To comply with the rule, a party must rationally organize its productions, so that the requesting party may readily identify documents, including ESI, that are responsive to [the] production requests." [internal citation omitted]). Similarly, to the extent the production is ongoing, any future records should be produced in accordance with this provision. To the extent more specific information regarding responsive documents is legitimately required by Local Access, it may pursue this information through deposition and other appropriate discovery avenues.

### Overbreadth/Burden

Peerless claims that Document Request 42 is overbroad in that it is duplicative of earlier requests. Peerless also claims that Requests 56 through 59 are objectionable because "they request Peerless to produce any document related to claims, defense, or damages." These objections are **overruled.** To the extent Peerless claims Request 42 seeks documents previously produced, it need only refer to those produced records by generally identifying the responsive documents so that Plaintiff, with reasonable effort,

---

[2] This is why Peerless' reliance on the Court's prior ruling at hearing on a previous motion to compel is not persuasive.

may locate them in the production. As for the overbreadth contention for requests 56-59, this objection was not raised in Peerless's Response to the requests,[3] and is therefore waived.

*Mootness*

Citing no authority, Peerless argues that because Local Access filed its Second Amended Complaint, which required a new pleading to be filed by Peerless, many of Local Access's Third Requests are moot, as they are directly tied to the averments made in the earlier pleadings. While new pleadings have been filed, there is no legitimate suggestion that the claims and defenses raised are wholly new and different from those joined in the pleadings that existed at the time the requests were served. Therefore, the Court is not persuaded that Local Access now needs to serve additional requests reflecting the current state of the pleadings, as suggested by Peerless. The mootness objections are **overruled.** In the interests of moving the case forward, the parties are

---

[3] ORIGINAL RESPONSES TO 56-59: Peerless objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, work-product doctrine, or any other privilege. Peerless further objects to this Request because it calls for the compilation of information related to the Peerless's pleadings. Peerless further objects to this request on the basis that it seeks the production of attorney work product; Peerless is not required to provide documents which its counsel considers to be supportive of Peerless's contentions. Subject to and without waiving the foregoing, Peerless will conduct a reasonable search and produce resulting documents in its possession, custody, or control that it may use to support its claims or defenses, unless the use would be solely for impeachment.

MARCH 26, 2018 AMENDED RESPONSES TO 56-59: Peerless incorporates its objections from its original response herein. Peerless objects to this Request because it seeks documents and information related to statements made in an inoperative pleading. Concurrent with these Amended Responses, Peerless filed its Answer, Affirmative Defenses, and Amended Counterclaims to Local Access's Second Amended Complaint, which supersedes and replaces the Answer filed on January 12, 2018, which is the subject of this Request. Subject to these objections, Peerless states that it has produced non-privileged documents or information responsive to this Request, or that information responsive to this request has been produced by Local Access or third-parties. Subject to and without waiving the foregoing, Peerless continues its efforts in conducting a reasonable search for responsive and non-privileged documents and will produce any resulting documents in its possession, custody, or control from that search that it may use to support its claims or defenses, unless the use would be solely for impeachment, within a reasonable time.

**directed** to confer regarding which documents exist that are responsive to the allegations made in the pleadings as they currently stand and, consistent with each parties' obligations to supplement discovery responses, produce same.

*Not discoverable as impeachment evidence*

In its responses to the subject requests (as amended) and in its response to the motion, Peerless takes the position that, despite its objections, it has not withheld non-privileged and responsive documents, and has produced non-privileged responsive documents in a timely manner. However, included in its responses, Peerless states:

> Subject to and without waiving the foregoing, Peerless continues its efforts in conducting a reasonable search for responsive and non-privileged documents and will produce any resulting documents in its possession, custody, or control from that search *that it may use to support its claims or defenses, unless the use would be solely for impeachment*, within a reasonable time.

Local Access argues that this exclusion for impeachment evidence is improper. In this context, the Court agrees.

The initial disclosure requirements of Rule 26(a)(1)(A)(ii), FED. R. CIV. P. compel a party to produce a copy of all documents that the disclosing party has in its possession and may use to support its claims or defenses, "unless the use would be solely for impeachment." But no such limitation is contained in Rule 34, nor in the scope of discovery set forth in Rule 26(b)(1), and there is no showing that this exclusion should apply in the Rule 34 context here.[4] To the extent Peerless is claiming that impeachment evidence is never discoverable, it is wrong. See Campbell v. Moon Palace, Inc., No. 11-

---

[4] This makes sense since purpose of discovery is to uncover not only the documents that support a claim or defense, but also the documents that do not – so that a party can fully evaluate its case and prepare accordingly. Local Access is not just seeking documents that *Peerless* "may use to support its claims or defenses," it seeks documents for its *own* possible use, as well.

60274-CIV, 2011 WL 3648562, at *5 (S.D. Fla. Aug. 19, 2011) ("Defendant correctly notes that courts may permit discovery of documents or information that may be used solely to impeach a witness"); Buckley Towers Condo., Inc. v. QBE Ins. Corp., No. 07-22988-CIV, 2008 WL 2645680, at *2 (S.D. Fla. June 26, 2008) ("even if the information is only useful for purposes of impeachment or corroboration, it may still be discoverable whether or not it will ultimately be admissible in evidence at trial" citing Hickman v. Taylor, 329 U.S. 495, 511, 67 S.Ct. 385, 91 L.Ed. 451 (1947)); Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc., No. 05-60860-CIV, 2007 WL 1526649, *2 (S.D. Fla. May 22, 2007) ("Impeachment evidence is a classic example of the type of evidence that should be discoverable in litigation."). Regardless of Peerless's intentions with respect to its own use of a document in its custody, if the document is relevant, responsive to a request, not privileged, and not otherwise disproportional to the needs of the case, it is within the appropriate scope of discovery and must be produced. This objection is **overruled.**

*Sanctions*

When a court grants a motion to compel, or if the discovery is provided after the motion is filed, the moving party is entitled to recover its reasonable expenses in making the motion, including attorney's fees, unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A). Peerless contends that even though its objections were legitimate when made, it has since responded with production of documents, and to the extent Local Access had remaining concerns, Local Access did not adequately discuss those concerns with Peerless at a timely discovery conference. Although this is a close issue, in view of the

fact that production has been made and the Court's ruling that Local Access is not entitled to identification by Bates number of every document produced that Peerless deems responsive to each specific request, no award is made.

### Conclusion

The motion is **granted, in part.** Peerless is **ordered** to supplement its responses in accordance with the rulings therein and produce any responsive documents that have yet to be produced within seven days of the date of this Order.

**DONE** and **ORDERED** in Orlando, Florida on June 12, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record