UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOCAL ACCESS, LLC,

    Plaintiff,

v.                                                                            Case No:   6:17-cv-236-Orl-40TBS

PEERLESS NETWORK, INC.,

    Defendant.

## ORDER

Pending before the Court are two outstanding discovery issues, argued at the February 22, 2019 telephonic hearing. The first is Local Access, LLC's objection to Peerless Network, Inc.'s Notice of Mootness regarding Local Access and Blitz's request that Peerless amend its responses to the third set of interrogatories (Docs. 527, 528). The interrogatories seek identification by Bates number of all documents received or created by Peerless containing information designated by Local Access as Highly Confidential. It appears from the arguments of counsel that Local Access already has (or may have) responsive documents, but Peerless maintains that it cannot verify the Bates numbers of the documents because Local Access has designated them Highly Confidential.[1] Considering that the documents contain information that was given to Peerless by its lawyers in violation of the Protective Order (Doc. 44), this dilemma is understandable, but problematic. Peerless and its lawyers have already acknowledged that an inappropriate production was made. Sworn identification of exactly what was produced or used by

---

[1] The Protective Order provides that Highly Confidential documents may be disclosed to outside counsel and the parties' retained experts but cannot be disclosed to the parties themselves (Doc. 44, § 14).

Peerless is available by either deposing the lawyers responsible for giving the documents to Peerless (which the Court believes has occurred or will be completed this week) or by Local Access waiving the designation for the limited purpose of verification of the interrogatories by Peerless. Local Access must content itself with one of these options.

The second issue is the Motion to Quash Local Access's Subpoena to Kelley Drye & Warren, LLP (Doc. 531). Local Access has filed its response (Doc. 535). Peerless and Kelley Drye seek to quash the FED. R. CIV. P. 45 subpoena issued to Kelley Drye for: (1) failing to give a reasonable time for compliance; (2) failing to give sufficient notice under the Court's Local Rules; and (3) for seeking what Peerless and Kelley Drye believe is irrelevant information, beyond the proper scope of discovery. Local Access acknowledges that "technically" the subpoena duces tecum was served just two days before the scheduled deposition but contends that Kelley Drye had actual notice for much longer and therefore, the notice is not unreasonable. To the extent more time is required, Local Access asks to extend the discovery deadline until March 1 to complete this discovery. As for relevancy, it argues that the subpoena is narrowly tailored to address issues of Kelley Drye's intent or reckless disregard of the Protective Order in delivering to Peerless the Highly Confidential documents that are the subject of the sanctions motions.

Rule 45 requires that a subpoena be quashed if it fails to allow a reasonable time to comply. See Rule 45(c)(3)(A)(i), FED. R. CIV. P. The rule does not define the exact amount of time deemed reasonable. The Court's Local Rules provides that a party desiring to take the deposition of any person on oral examination shall give at least fourteen days notice in writing to every other party to the action and to the deponent (if the deponent is not a party). See Local Rule 3.02. But, "[t]he Court may suspend application and enforcement of these rules, in whole or in part, in the interests of justice in

individual cases by written order." Local Rule 1.01(c). In short, the Court has significant discretion in determining whether this subpoena should be quashed on the ground of untimeliness.

In normal circumstances, the failure to give fourteen days notice justifies quashing a subpoena. But nothing is normal about the present circumstances. Considering that the discovery is sought in the context of a motion to disqualify Kelley Drye the firm is, for these purposes, not just a witness but an interested adverse party. And, there is no surprise here, as Kelley Drye acknowledges that the request for its deposition "has been known since the inception" of the sanctions motions (Doc. 531 at 3). The Court would think, given the torturous history of this controversy that it would be in the best interest of the firm to get the deposition over with as soon as possible. Regardless, given the upcoming evidentiary hearing, the recent rulings on the privilege issue, and the actual notice given to Kelley Drye, the Court finds it reasonable to schedule the deposition on shorter notice. The motion to quash on the grounds of untimeliness is therefore, **DENIED.**

The Court agrees with Peerless and Kelley Drye that the 23 topics upon which Local Access seeks discovery include matters that are not relevant to the limited issues at hand. As explained in the sealed Order on privilege issues (Doc. 523), the firm's communications with Peerless employees which occurred prior to April 12, 2018 regarding the December 21, 2017 and January 30, 2018 productions are relevant. Discovery into how the firm runs its IT department is not. To the extent the subpoena seeks such information, it is **QUASHED**. This means paragraphs 1, 3-6, 9-10, and 15 of Exhibit "A" to the subpoena are quashed and paragraphs 14, 17-19 are limited to the December 21, 2017 and January 30, 2018 productions. The documents requested are

within the scope of these issues and should be produced, to the extent they exist and to the extent they relate to the relevant time period of prior to April 12, 2018.

In the interests of time, Local Access may take the 30(b)(6) deposition of the firm by March 9, 2019, limited solely to the issues of the firm's disclosure to Peerless.[2] Any further rulings on relevancy must await appropriate objection to specific questions asked. The relevant documents, to the extent they have not already been produced and identified, should be produced forthwith.

This Order does not modify the Court's rulings in the Sealed Orders (Docs. 523 and 542).

**DONE** and **ORDERED** in Orlando, Florida on February 27, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record

---

[2] The discovery deadline for this deposition is extended to March 9, 2019 in recognition of the current deposition schedule and because Kelley Drye may need additional time to prepare its representative(s).