**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| LOCAL ACCESS LLC,<br>　　　　　*Plaintiff, Counterclaim<br>　　　　　Defendant,*<br>　v.<br><br>PEERLESS NETWORK, INC.<br>　　　　　*Defendant, Counterclaim<br>　　　　　Plaintiff,*<br>v.<br><br>BLITZ TELECOM CONSULTING, LLC,.<br><br>　　　　　*Counterclaim Defendant.* | Civil Action No.<br>6:17-cv-00236-WWB-EJK<br><br>**DEMAND FOR A<br>JURY TRIAL** |

**PEERLESS NETWORK, INC. AND KELLEY DRYE & WARREN LLP'S
OPPOSITION TO PLAINTIFFS' OBJECTIONS AND
APPEAL OF THE ORDER DENYING MOTION
FOR SUPPLEMENTAL FEES (ECF 728)**

Peerless Network, Inc. ("Peerless") and Kelley Drye & Warren LLP ("Kelley Drye") oppose Plaintiffs' Appeal (ECF 728) of the Magistrate Judge's January 6, 2021 Order (ECF 723 "Appealed Order") denying Plaintiffs' Motion for Supplemental Attorneys' Fees and Costs. ECF 718 ("Motion for Supplemental Fees").

## Introduction

On January 6, 2021, Magistrate Judge Kidd entered his Order denying Local Access's September 15, 2019 motion for leave to file "monthly" recurring updates, and supplemental fees and costs to its filings requesting attorneys' fees associated with the motions for sanctions against Peerless and Kelley Drye. ECF 723.

Magistrate Kidd's Order denied Local Access's Motion for Supplemental Fees based on the plain language of the Court's June 29, 2020 Order, which states:

> Local Access is hereby awarded its reasonable attorneys' fees and costs incurred between December 20, 2017, and the date of this Order, which related to the investigation and discovery of Kelley Drye's violation of the Protective Order and the prosecution of this sanctions Motion."

ECF 703 at 21 ("Sanctions Order"). The Sanctions Order properly set an end date for imposition of fees and costs. Local Access has not sought relief from the Court's decision to set an end date in the Sanctions Order.

Magistrate Judge Kidd's ruling, the subject of Local Access's Appeal, held that "[t]he Court clearly delineated a specific time frame for which Local Access was entitled to recover fees, which ended on June 29, 2020." ECF 723 at 1-2. Local Access's Appeal does not meet its high burden to demonstrate that this reading of the Court's Sanctions Order is clearly erroneous or contrary to law. Rule 72(a); 28 U.S.C. § 636(b)(1)(A). The June 29, 2020 cutoff is clear and has been obvious to Local Access from the issuance of the Sanctions Order; there is no order or legal basis for the relief that Local Access requests in its appeal. Both Local Access and Magistrate Judge Kidd are bound by the Sanctions Order.

Local Access did not ask this Court to reconsider the Sanctions Order. Rather, the Motion for Supplementary Fees and the Appeal are an end run, asking that the Court "enter an order [ ] setting aside the January 6, 2020 [sic] Order" to permit "Local Access to file supplemental documentation of its fees costs and expenses beyond June 29, 2020, to be supplemented each month …." ECF 728 at

7-8. The Court should deny the Appeal. Local Access is bound by the Sanctions Order and has no right to any such fees.[1]

## Background

On June 21, 2021[9], Magistrate Judge Smith issued a Report and Recommendation recommending an award to Local Access of reasonable attorney's fees and other legal expenses. ECF 609 at 35. This Court adopted that recommendation in the Sanctions Order, and set the end date for an award of fees of June 29, 2020. ECF 703 at 21.

On January 15, 2020, Magistrate Judge Kidd ordered that Local Access file its motion for fees and costs in February 2020, and then granted two unopposed extensions. ECF 680, 682. Plaintiff filed its redacted and then un-redacted Motion for fees in March 2020. ECF 683, 690. The un-redacted exhibits contained 2,718 time entries by more than 10 attorneys and paralegals and 249 cost entries, all set out on hundreds of pages of invoices and records. (*See id*.). In July 2020, Local Access filed a 738 page Reply, consisting of, *inter alia*: a 20 page legal brief, a 75 page new expert report (accompanied itself by several hundred pages of exhibits),

---

[1] Further, Local Access's Appeal, like its prior Motion to Supplement, would put an unlimited time to Local Access's fee requests, and create a monthly fee-petition mini-proceeding whereby Local Access submits its billing records to the Court, Kelley Drye and Peerless review for possible objection, and then recurring consideration of these supplemental requests by the Court. Local Access's request is contrary to the Supreme Court's admonition that fee petitions should not become "a 'second major litigation,'" *Hensley v. Eckerhart*, 461 U.S. 424 (1983). In this matter, Local Access has had more than sufficient time to plead its case for fees, and has submitted over 1600 pages of material.

three lengthy additional attorney declarations, a declaration from Local Access and other exhibits.

After Kelley Drye filed its Surreply, Local Access then filed the Motion for Supplemental Fees, which is the subject of this Appeal. In that motion, Local Access requested leave to file requests for fees, costs and expenses "beyond June 29, 2020, to be supplemented each month until the conclusion of the sanctions proceedings …." ECF 718 at 4. Given the Sanctions Order, Local Access's Motion for Supplemental Fees had to be, and was properly, denied by Magistrate Judge Kidd's Order. The Court should likewise deny Local Access's Appeal.

## Argument

### Magistrate Kidd's Appealed Order is not Clearly Erroneous or Contrary to Law

A party may seek review of a magistrate judge's ruling on a non-dispositive matter by filing objections within fourteen days of the magistrate's order. Fed. R. Civ. P. 72(a). A non-dispositive matter does not dispose of any party's claim or defense. *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1365 (11th Cir. 2007). To prevail in its objection, a party must establish that the conclusions to which it objects in the magistrate's order are clearly erroneous or contrary to law. *See* Rule 72(a); 28 U.S.C. § 636(b)(1)(A); *Traylor v. Howard*, 433 F. App'x 835, 836 (11th Cir. 2011); *Triolo v. United States*, No. 3:18-CV-919-J-34JBT, 2019 WL 5704659, at *1 (M.D. Fla. Nov. 5, 2019). Clear error is a highly deferential standard of review, and requires that the district court can overturn the magistrate judge's ruling only

if there is a firm conviction that the magistrate judge has made a mistake. *Triolo v. United States*, 2019 WL 5704659 \*1, *citing Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005). A magistrate judge's order "is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Triolo v. United States,* 2019 WL 5704659 \*1*, citing Botta v. Barnhart*, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007).[2] "The standard for overturning a Magistrate Judge's Order is a very difficult one to meet." *Nat'l Ass'n for the Advancement of Colored People v. Fla. Dep't of Corrs.*, 122 F. Supp. 2d 1335, 1337 (M.D. Fla. 2000).

Magistrate Judge Kidd's decision that Local Access is bound by the Sanctions Order, is not clearly erroneous, nor contrary to law. Instead, it follows the law of this case as set forth in the Sanctions Order. Under the clear language of this Court's Sanctions Order,  Local Access cannot demonstrate that the Appealed Order is clearly erroneous or contrary to law.

## CONCLUSION

Wherefore, for each of the foregoing reasons, Kelley Drye and Peerless respectfully request that the Court deny Local Access's Objections to and Appeal of the Court's January 6, 2021 Order (ECF 723) Denying Plaintiff's Motion for

---

[2] The *Triolo* Court notes that the "'contrary to law" standard under 28 U.S.C. § 636(b)(1)(A) is more deferential than *de novo* review that would apply in reviewing a magistrate judge's Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). *Id,* at fn. 2.

Supplemental Fees, Costs and Other Legal Expenses Incurred After June 29, 2020,

and Motion for Leave to File Supplemental Records in Support of Same (ECF 728.)

Dated: February 3, 2020

　　　　　　　　　　　　　　　　　 /s/ Henry T. Kelly
**PEERLESS NETWORK, INC.**

Henry T. Kelly (*pro hac vice* admitted)
Catherine E. James (*pro hac vice* admitted)
Kelley Drye & Warren LLP
333 W. Wacker Drive, Ste. 2600
Chicago, Illinois 60606
(312) 857-2350
hkelly@kelleydrye.com
cjames@kelleydrye.com

Dennis O'Connor
Yvette Pace
O'Connor & O'Connor, LLC
800 North Magnolia Avenue, Ste 1350
Orlando, FL. 32803
(407) 843-2100
(407) 843-2061 Facsimile
DOConnor@oconlaw.com
YPace@oconlaw.com

*Attorneys for Defendant Peerless Network, Inc.*

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record, hereby certifies that he caused copies of the foregoing to be served upon all counsel of record via the Clerk of the Court's CM/ECF system on this 3rd day of February, 2021.

Dated: February 3, 2021　　　　　　　　　　　 /s/ Henry T. Kelly

6