**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LOCAL ACCESS, LLC,**

      Plaintiff,

v.                                                               Case No: 6:17-cv-236-WWB-EJK

**PEERLESS NETWORK, INC.,**

      Defendant.

**ORDER**

This cause comes before the Court on Defendant Peerless Network, Inc.'s Unopposed Motion for Leave to File Under Seal its Motion for Order Directing Clerk to Sign and Affix Seal to Certification of Service (the "Motion to Seal") (Doc. 788), filed November 29, 2022. Therein, Defendant requests leave of Court to file under seal its Motion for Order Directing Clerk to Sign and Affix Seal to Certification of Service (the "Motion"), filed in redacted form at Docket Entry 787. Upon consideration, the Motion to Seal is due to be granted.

While the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records," *United States v. Rosenthal*, 763 F.2d 1291, 1292–93 (11th Cir. 1985), a party may overcome the public's right to access by demonstrating good cause. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where

court files might have become a vehicle for improper purposes.").

If good cause is shown, the court must balance the interest in obtaining access to the information against the interest in keeping the information confidential. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001). Factors a court may consider are:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

Defendant has complied with the requirements under Local Rule 1.11(c). As to good cause, Defendant states that the Motion should be sealed because it states the name of a Local Access customer and references an agreement that Local Access produced in this litigation, which Local Access has designated "Confidential" under the Protective Order in this case. (Doc. 788 at 2.) However, as Local Rule 1.11(c) states, "[s]ealing is not authorized by a . . . protective order . . . ."

But Defendant states that very little information has been redacted from the Motion on the public docket (Doc. 787), and the sealing of the Motion would otherwise protect Local Access's customer's name and other business information. (Doc. 788 at 3.) Moreover, Defendant asserts that by Local Access designating the customer's name and agreement as Confidential pursuant to the Protective Order,

Local Access has certified that the information is a protected trade secret. (*Id.*); Fed. R. Civ. P. 26(c)(1)(G). Courts in this District have recognized that maintaining the privacy of confidential business information can constitute good cause for keeping documents from the public view. *See, e.g.*, *Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv399-Orl-40TBS, 2017 WL 2021761, *2–3 (M.D. Fla. May 12, 2017) (permitting sealing of proprietary financial and business information); *Patent Asset Licensing LLC, v. Bright House Networks, LLC*, No. 3:15-cv-742-J-32MCR, 2016 WL 2991057, *2 (M.D. Fla. May 24, 2016) (permitting party to file confidential business information under seal where such documents' exposure could "violate the parties' privacy or proprietary interests"). Thus, in this instance, Defendant has demonstrated good cause for the sealing of the Motion independent of the Protective Order.

Accordingly, it is hereby **ORDERED** that Defendant Peerless Network, Inc.'s Unopposed Motion for Leave to File Under Seal its Motion for Order Directing Clerk to Sign and Affix Seal to Certification of Service (Doc. 788) is **GRANTED**. Defendant is **DIRECTED** to file the Motion at Docket Entry 787 and related exhibits under seal through CM/ECF.[1] The seal shall remain in place until resolution of this matter, including any appeals.

---

[1] Effective November 7, 2022, lawyers are required to use CM/ECF to file a sealed document. Additional information and instructions can be found at https://www.flmd.uscourts.gov/cmecf.

**DONE** and **ORDERED** in Orlando, Florida on December 6, 2022.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE