UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LOCAL ACCESS, LLC,**

      Plaintiff,

v.                                         Case No: 6:17-cv-236-WWB-EJK

**PEERLESS NETWORK, INC.,**

      Defendant.

## ORDER

This cause comes before the Court on the following motions:

1. Plaintiff's Unopposed Motion to Seal Under Protective Order (Doc. 44) Exhibit 2 of Plaintiff's Motion to Compel Reponses to First Set of Interrogatories (Doc. 791);

2. Plaintiff's Unopposed Motion to Seal Under Protective Order (Doc. 44) Exhibits 3 and 4 of Plaintiff's Motion for Redesignation of Information in Expert Report and to Compel Better Response to Third Set of Interrogatories (Doc. 795);

3. Defendant's Unopposed Motion for Leave to File Under Seal Documents Relating to Three Discovery Motions (Doc. 804);

4. Plaintiff's Unopposed Motion to Seal Under Protective Order (Doc. 44) Exhibit 1 of Plaintiff's Response to Motion to Compel (Doc. 782-1) (Doc. 809); and

5. Defendant's Unopposed Motion for Leave to File Under Seal Exhibit to Its Omnibus Opposition to Motions to Compel (Doc. 815), (collectively, the

"Motions to Seal").

Upon consideration, the Motions to Seal are due to be granted.

Local Rule 1.11(c) requires the following for filing a document under seal, if it is not authorized by a statute, rule, or order:

> (1) must include in the title "Motion for Leave to File Under Seal"; (2) must describe the item proposed for sealing; (3) must state the reasons . . . filing the item is necessary, . . . sealing the item is necessary, and . . . partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory; (4) must propose a duration of the seal; (5) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item; (6) must include a legal memorandum supporting the seal; but (7) must not include the item proposed for sealing.

The parties have complied with the Local Rule; thus, the Court must now determine whether there is good cause for the seal and whether the proposed duration is appropriate.

While the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records," *United States v. Rosenthal*, 763 F.2d 1291, 1292–93 (11th Cir. 1985), a party may overcome the public's right to access by demonstrating good cause. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.").

If good cause is shown, the court must balance the interest in obtaining access to the information against the interest in keeping the information confidential. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001). Factors a court may consider are:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

First, Local Access requests permission to seal Exhibit 2 to Plaintiff's Motion to Compel Responses to First Set of Interrogatories (Doc. 790-2). (Doc. 791.) That exhibit is Defendant's Fourth Amended Responses and Objections to Plaintiff's First Set of Interrogatories, which Peerless has designated as Confidential. Due to this designation and pursuant to the Protective Order (Doc. 44), Local Access asserts that Exhibit 2 should be sealed.

Next, Local Access requests permission to seal Exhibits 3 and 4 of Plaintiff's Motion for Redesignation of Information in Expert Report and to Compel Better Response to Third Set of Interrogatories (Docs. 794-3, -4). (Doc. 795.) These documents are copies of Peerless's expert's report, which Peerless has designated as Highly Confidential. As to the rationale for sealing, Local Access states:

> Peerless has designated its expert's report as Highly Confidential, including columns c, d and e of Exhibit G to the report, which Peerless seeks to shield from Local Access's view. Although Local Access's motion for redesignation seeks to have information redesignated so that Local Access may see it, the information still would be Highly Confidential to the extent that the public and Peerless should not have access to the information that Peerless designated as Highly Confidential because it quotes or references Local Access's own Highly Confidential designated information. Such information, which is redacted from Exhibit 3 but not from Exhibit 4, includes Local Access's traffic and customer information, which is likely to cause competitive harm to the business operations of Local Access if made public.

(*Id.* at 2–3.)

Peerless requests permission to seal one motion to compel discovery and certain exhibits to two other motions to compel discovery. (Doc. 804 at 1.) Specifically, Peerless has filed a Motion to Compel Discovery Regarding Request for Production 73 to Local Access (the "FCC Filing Motion"), a Motion to Compel Discovery Regarding Competitive Offers (the "Competitive Offer Motion"), and a Motion to Compel Discovery Regarding Alleged Breach of Section 5.18 of the Contract (the "Section 5.18 Motion").

The FCC Filing Motion (Doc. 802) requests that the Court compel Local Access to respond to Peerless's Document Request No. 73 and produce each Federal Communications Commission Form 499-Q or 499-A filed by Local Access from 2015 to the present. The FCC Filing Motion attached a copy of the report of Local Access's retained expert, Joseph Gillan, which Local Access designated as Highly Confidential, as Exhibit 3. (Doc. 802-3.) Peerless seeks to seal Exhibit 3 to the FCC Filing Motion,

as well as portions of the FCC Filing Motion itself that quote from or refer to Exhibit 3, which is currently filed in redacted form.

The Competitive Offer Motion (Doc. 801) requests that the Court compel Local Access to respond to Peerless's Interrogatories Nos. 1, 8, and 9. The Competitive Offer Motion attaches a copy of Local Access's Supplemental Responses to Defendant Peerless Network, Inc.'s Fourth Set of Interrogatories as Exhibit 4, designated as Confidential, which Peerless seeks to seal. (Doc. 801-4.)

The Section 5.18 Motion (Doc. 803) requests that this Court compel Local Access to respond to Peerless's Interrogatory No. 12. The Section 5.18 Motion attaches copies of Local Access's Supplemental Responses to Defendant Peerless Network, Inc.'s Fourth Set of Interrogatories and Amended Rule 26(a)(1) Disclosures as Exhibit 2 and Exhibit 3 respectively, and are designated as Confidential, which Peerless seeks to seal. (Docs. 803-2, -3.)

As to the responses to the Motions to Compel, Local Access requests permission to seal Exhibit 1 to Plaintiff's Response to Defendant's Motion to Compel Regarding Outbound Traffic Requests and Communications (Doc. 782-1). (Doc. 809.) Exhibit 1 is Plaintiff's First Supplemental Responses and Objections to Defendant Peerless Network Inc.'s Third Set of Requests for Production of Documents and Things, which Local Access has designated Confidential because it contains proprietary customer information. (Doc. 809 at 2.)

Finally, Peerless seeks permission to file under seal five exhibits attached to its Omnibus Opposition to Motions to Compel: Exhibit A (Local Access's Response to

Interrogatory 12), Exhibit B (Declaration of Brian Brabson), Exhibit E (report reflecting amounts Peerless billed on tandem access traffic terminated to Local Access with first Bates number PN00145900), Exhibit G (Local Access's Amended Initial Disclosures), and Exhibit H (Peerless's 7th Requests For Production to Local Access) (Doc. 814). (Doc. 815.) Peerless states that "[e]ach of the exhibits that Peerless proposes be sealed is either a document that has been designated by a party as Confidential or Highly Confidential or contains references to information that has been designated Confidential." (*Id.* at 2.) Exhibits B and H have been filed in redacted form.

The parties principally rely on the Protective Order (Doc. 44) as the reason all of the documents previously identified for sealing should be sealed. However, as the Court has stated, "[s]ealing is not authorized by a . . . protective order . . . ." Local Rule 1.11(c). Thus, simply because a party has designated a document as Confidential or Highly Confidential does not automatically make the document eligible for sealing.

However, based on the parties' representations that the documents have been designated "Confidential" or "Highly Confidential" pursuant to the terms of Protective Order, the Court will infer, in this instance, that the parties have certified that the information contained therein references confidential or proprietary business information, as contemplated by the definitions set forth in the Protective Order (Doc. 44 at 2). (*Id.*). Courts in this District have recognized that maintaining the privacy of confidential business information can constitute good cause for keeping documents from the public view. *See, e.g.*, *Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv399-

Orl-40TBS, 2017 WL 2021761, at *2–3 (M.D. Fla. May 12, 2017) (permitting sealing of proprietary financial and business information); *Patent Asset Licensing LLC, v. Bright House Networks, LLC*, No. 3:15-cv-742-J-32MCR, 2016 WL 2991057, at *2 (M.D. Fla. May 24, 2016) (permitting party to file confidential business information under seal where such documents' exposure could "violate the parties' privacy or proprietary interests"). Thus, the parties have demonstrated good cause to overcome the public's right of access to the aforementioned documents to be sealed.

Accordingly, it is hereby **ORDERED** as follows:

1. Plaintiff's Unopposed Motion to Seal Under Protective Order (Doc. 44) Exhibit 2 of Plaintiff's Motion to Compel Reponses to First Set of Interrogatories (Doc. 791) is **GRANTED**.

2. Plaintiff's Unopposed Motion to Seal Under Protective Order (Doc. 44) Exhibits 3 and 4 of Plaintiff's Motion for Redesignation of Information in Expert Report and to Compel Better Response to Third Set of Interrogatories (Doc. 795) is **GRANTED**.

3. Defendant's Unopposed Motion for Leave to File Under Seal Documents Relating to Three Discovery Motions (Doc. 804) is **GRANTED**.

4. Plaintiff's Unopposed Motion to Seal Under Protective Order (Doc. 44) Exhibit 1 of Plaintiff's Response to Motion to Compel (Doc. 782-1) (Doc. 809) is **GRANTED**.

5. Defendant's Unopposed Motion for Leave to File Under Seal Exhibit to Its Omnibus Opposition to Motions to Compel (Doc. 815) is **GRANTED**.

6. The parties are **DIRECTED** to file the items approved for sealing through CM/ECF **on or before December 14, 2022**.[1] The seal shall remain in place until resolution of this matter, including any appeals.

**DONE** and **ORDERED** in Orlando, Florida on December 12, 2022.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

---

[1] Effective November 7, 2022, lawyers are required to use CM/ECF to file a sealed document. Additional information and instructions can be found at https://www.flmd.uscourts.gov/cmecf.