**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**LOCAL ACCESS, LLC,**

      Plaintiff,

v.                                              Case No: 6:17-cv-236-WWB-EJK

**PEERLESS NETWORK, INC.,**

      Defendant.

## ORDER

This cause comes before the Court on the following:

1. Peerless Network, Inc.'s Motion to Compel Responses to Peerless's Third Requests for Admission ("RFA MTC") (Doc. 871; sealed exhibits at Doc. S-892), filed January 27, 2023. Local Access responded in opposition. (Doc. 893.)

2. Peerless Network, Inc.'s Motion to Compel Responses to Peerless's Fifth Interrogatories ("Interrogatory MTC") (Doc. 878; sealed motion & exhibits at Doc. S-902.) Local Access responded in opposition. (Doc. 894.)

**The RFA MTC**

In the RFA MTC, Peerless seeks to compel Local Access to answer or provide better responses to RFAs 151–152, 154–155, 156–157, 158, and 160. The Court finds as follows:

As to RFAs 151–152, Local Access's objection is sustained. Peerless should define the phrases "homing tandem services" and "end user."

As to RFAs 154–155, the Court finds Local Access's response sufficient. Local

Access answered the question presented. Therefore, the Court will not require Local Access to provide better responses.

As to RFAs 156–157, Peerless asked about a "refusal," not a "failure to provide"; therefore, Local Access should answer as to "refuse," but may also clarify as to the failure to identify and failure to provide. Thus, the Court will require Local Access to provide better responses to these two RFAs.

As to RFA 158, Local Access's objection is overruled. The Court will require Local Access to provide an answer regarding the services covered by the language of the contract referenced.

As to RFA 160, Local Access's objection is overruled. Local Access did not object to this RFA on the basis of an undefined term. The Court will require Local Access to provide an answer regarding the services covered by the language of the contract referenced.

**The Interrogatory MTC**

In the Interrogatory MTC, Peerless moves to compel responses to its Fifth Interrogatories for Numbers 13, 15, 22, and 23. The Court finds as follows:

As to Number 13, Local Access's objection is sustained as to the question asked.

As to Number 15, Local Access's answer is sufficient. The Court will not require Local Access to provide a better answer.

As to Number 22, Local Access's objection is overruled. With discovery closing February 3, 2023, this request is not premature and Local Access should be aware of the basis for any affirmative defenses to the Counterclaim. Local Access should answer

the Interrogatory, but may seek leave to amend or supplement its answer once the Court rules on the motions to dismiss.

As to Number 23, Local Access's objections are overruled. Local Access should answer whether it contends that the service(s) provided by the third party to Local Access pursuant to the third party's contract is/are the same service(s) provided by Peerless to Local Access pursuant to the agreement between the parties.

Accordingly, it is **ORDERED** as follows:

1. Peerless Network, Inc.'s Motion to Compel Responses to Peerless's Third Requests for Admission (Doc. 871) is **GRANTED IN PART and DENIED IN PART** as set forth herein.

2. Peerless Network, Inc.'s Motion to Compel Responses to Peerless's Fifth Interrogatories (Doc. 878, Doc. S-902) is **GRANTED IN PART and DENIED IN PART** as set forth herein.

3. Local Access shall serve all discovery ordered pursuant to this Order on Peerless **on or before February 10, 2023**.

**DONE** and **ORDERED** in Orlando, Florida on February 3, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE