**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LOCAL ACCESS, LLC,**

      Plaintiff,

v.                                                   **Case No: 6:17-cv-236-WWB-EJK**

**PEERLESS NETWORK, INC.,**

      Defendant.

**ORDER**

This cause comes before the Court on Peerless Network, Inc.'s Motion for Leave to File Under Seal its Motion to Redesignate Discovery Materials (the "Motion") (Doc. 938), filed March 13, 2023. Upon consideration, the Motion is granted.

Local Rule 1.11(c) requires the following for filing a document under seal, if it is not authorized by a statute, rule, or order:

> [The Motion] (1) must include in the title "Motion for Leave to File Under Seal"; (2) must describe the item proposed for sealing; (3) must state the reasons . . . filing the item is necessary, . . . sealing the item is necessary, and . . . partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory; (4) must propose a duration of the seal; (5) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item; (6) must include a legal memorandum supporting the seal; but (7) must not include the item proposed for sealing.

The parties have complied with the Local Rule; thus, the Court must now determine whether there is good cause for the seal and whether the proposed duration is appropriate.

While the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records," *United States v. Rosenthal*, 763 F.2d 1291, 1292–93 (11th Cir. 1985), a party may overcome the public's right to access by demonstrating good cause. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.").

If good cause is shown, the court must balance the interest in obtaining access to the information against the interest in keeping the information confidential. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001). Factors a court may consider are:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

Peerless seeks to redact one word in its Motion to Redesignate Discovery Materials (Doc. 937) and three exhibits thereto. (Doc. 938.) Specifically, Exhibit B is an email exchange between Local Access and one of its outbound customers produced by Local Access. Exhibit D is a copy of the parties' March 31, 2017 emails that formed the settlement agreement in previous litigation between them in this Court, No. 6:14-cv-399. And Exhibit E is a group exhibit containing expert reports and work papers from the experts' reports which summarizes Local Access's CDRs. (*Id.* at 1–2.)

Peerless states that these items have all been designated Confidential or Highly Confidential, pursuant to the terms of the Protective Order in this case. (Doc. 938 at 2.) However, as the Court has stated, "[s]ealing is not authorized by a . . . protective order . . . ." Local Rule 1.11(c). Thus, simply because a party has designated a document as Confidential or Highly Confidential does not automatically make the document eligible for sealing.

However, based on the parties' representations that the documents have been designated "Confidential" or "Highly Confidential" pursuant to the terms of Protective Order, the Court will infer, in this instance, that the parties have certified that all of the information contained therein references confidential or proprietary business information, as contemplated by the definitions set forth in the Protective Order (Doc. 44 at 2). (*Id.*) Courts in this District have recognized that maintaining the privacy of confidential business information can constitute good cause for keeping documents from the public view. *See, e.g.*, *Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv399-Orl-40TBS, 2017 WL 2021761, at *2–3 (M.D. Fla. May 12, 2017)

- 3 -

(permitting sealing of proprietary financial and business information); *Patent Asset Licensing LLC, v. Bright House Networks, LLC*, No. 3:15-cv-742-J-32MCR, 2016 WL 2991057, at *2 (M.D. Fla. May 24, 2016) (permitting party to file confidential business information under seal where such documents' exposure could "violate the parties' privacy or proprietary interests"). Thus, the parties have demonstrated good cause to overcome the public's right of access to the aforementioned documents to be sealed.

Accordingly, it is hereby **ORDERED** as follows:

1. Peerless Network, Inc.'s Motion for Leave to File Under Seal its Motion to Redesignate Discovery Materials (Doc. 938) is **GRANTED**.

2. The parties are **DIRECTED** to file the items approved for sealing through CM/ECF **on or before March 30, 2023**.[1] The seal shall remain in place until resolution of this matter, including any appeals.

**DONE** and **ORDERED** in Orlando, Florida on March 28, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

---

[1] Effective November 7, 2022, lawyers are required to use CM/ECF to file a sealed document. Additional information and instructions can be found at https://www.flmd.uscourts.gov/cmecf.