**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**LOCAL ACCESS, LLC,**

        **Plaintiff,**

**v.**                                                **Case No: 6:17-cv-236-WWB-EJK**

**PEERLESS NETWORK, INC.,**

        **Defendant.**

## ORDER

This cause comes before the Court on Local Access, LLC's Unopposed Motion to Seal Under Protective Order (Doc. 44) Answer and Affirmative Defenses to Counterclaim (Doc. 941) (the "Motion) (Doc. 945), filed March 31, 2023. Upon consideration, the Motion is granted.

Local Rule 1.11(c) requires the following for filing a document under seal, if it is not authorized by a statute, rule, or order:

> [The Motion] (1) must include in the title "Motion for Leave to File Under Seal"; (2) must describe the item proposed for sealing; (3) must state the reasons . . . filing the item is necessary, . . . sealing the item is necessary, and . . . partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory; (4) must propose a duration of the seal; (5) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item; (6) must include a legal memorandum supporting the seal; but (7) must not include the item proposed for sealing.

Local Access has complied with the Local Rule; thus, the Court must now determine whether there is good cause for the seal and whether the proposed duration is appropriate.

While the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records," *United States v. Rosenthal*, 763 F.2d 1291, 1292–93 (11th Cir. 1985), a party may overcome the public's right to access by demonstrating good cause. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.").

If good cause is shown, the court must balance the interest in obtaining access to the information against the interest in keeping the information confidential. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001). Factors a court may consider are:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

Local Access seeks to file under seal an unredacted version of its Answer and Affirmative Defenses to Peerless's Counterclaim (the "Answer") (Doc. 941). (Doc. 945.) Local Access notes that the Answer references several of the terms contained within the email chain (the "Settlement Emails") that constitutes the settlement of a prior case before this Court, *Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv-399-ORL-40TBS. (Doc. 945 at 2.) The Court has previously ruled that the Settlement Emails shall retain their designation of "Confidential" pursuant to the terms of the Protective Order (Doc. 44). (Doc. 948 at 5.)

As the Court has stated, "[s]ealing is not authorized by a . . . protective order . . . ." Local Rule 1.11(c). Thus, simply because a party has designated a document as Confidential does not automatically make the document eligible for sealing. However, as the Answer makes reference to the Settlement Emails, which is designated "Confidential" pursuant to the terms of Protective Order, the Court will infer that the parties have certified that all of the information to be sealed references confidential or proprietary business information, as contemplated by the definitions set forth in the Protective Order. (Doc. 44 at 2.) Courts in this District have recognized that maintaining the privacy of confidential business information can constitute good cause for keeping documents from the public view. *See, e.g.*, *Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv399-Orl-40TBS, 2017 WL 2021761, at *2–3 (M.D. Fla. May 12, 2017) (permitting sealing of proprietary financial and business information); *Patent Asset Licensing LLC, v. Bright House Networks, LLC*, No. 3:15-cv-742-J-32MCR, 2016 WL 2991057, at *2 (M.D. Fla. May 24, 2016) (permitting party to file confidential

business information under seal where such documents' exposure could "violate the parties' privacy or proprietary interests"). Thus, Local Access has demonstrated good cause to overcome the public's right of access to an unredacted version of the Answer.

Accordingly, it is hereby **ORDERED** as follows:

1. Local Access, LLC's Unopposed Motion to Seal Under Protective Order Answer and Affirmative Defenses to Counterclaim (Doc. 945) is **GRANTED**.

2. Local Access is **DIRECTED** to file under seal the unredacted Answer and Affirmative Defenses to Counterclaim through CM/ECF **on or before April 11, 2023**.[1] The seal shall remain in place until resolution of this matter, including any appeals.

**DONE** and **ORDERED** in Orlando, Florida on April 6, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

---

[1] Effective November 7, 2022, lawyers are required to use CM/ECF to file a sealed document. Additional information and instructions can be found at https://www.flmd.uscourts.gov/cmecf.