# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LOCAL ACCESS, LLC,**

        **Plaintiff,**

v.                                           Case No: 6:17-cv-236-WWB-EJK

**PEERLESS NETWORK, INC.,**

        **Defendant.**

## ORDER

This cause comes before the Court on Peerless Network, Inc.'s Motion to Modify Protective Order [ECF 44] (the "Motion") (Doc. 946), filed March 31, 2023. Local Access responded in opposition. (Doc. 947.) The Court then allowed additional briefing. (Docs. 957, 960.) The Motion is now ripe for review. Upon consideration, it is due to be denied.

Peerless seeks to modify the Protective Order (Doc. 44) in this case to permit the disclosure of Litigation Material, as that term is defined, to (1) Peerless's corporate parent, Infobip, Inc. ("Infobip"), and its attorneys, and (2) Infobip's outside auditors. (Doc. 946.) Specifically, Peerless requests that the Court modify the Protective Order to permit Infobip to receive Confidential or Highly Confidential materials to the same extent as a "party." (Doc. 946 at 1.) Additionally, Peerless informs the Court that Infobip's outside auditors are in the process of conducting a regularly scheduled annual audit of Infobip and have requested the disclosure of information regarding this case. (Doc. 946 at 2.) To that end, Peerless requests that Infobip's outside auditors be

allowed to receive and use Litigation Material designated as Confidential or Highly Confidential to the extent reasonably necessary for the auditors to complete their audit. (*Id.*)

Local Access responded that it had no objection to Peerless sharing Confidential information with Infobip's directors, officers, and employees, provided they require such information to perform their responsibilities in connection with this case and they have executed an "Exhibit A" acknowledgment of the Protective Order. (Doc. 947 at 2.) As to Infobip's attorneys, Local Access stated that, if Infobip's attorneys are directors, officers, or employees, then they may see protected information in accordance with the restrictions noted above. (*Id.*) Local Access did not agree to share Confidential information with outside counsel of Infobip. (*Id.*) Local Access also did not agree to disclose Confidential or Highly Confidential information to Infobip's auditors. (*Id.* at 2–3.)

Following the filing of the Motion, the parties continued to confer and partially resolved their dispute, which they set forth in greater detail in their Reply and Sur-Reply. Local Access has confirmed that it agrees that, subject to the limitations of the Protective Order, including the requirement of executing Attachment A,[1] (a) Infobip's officers, employees, and directors can receive Confidential material produced and so designated by Local Access; and (b) Infobip's inside and outside counsel can receive

---

[1] Local Access states that it agrees to the form that Peerless previously used, attached as Doc. 960-1, as an acceptable form of "Attachment A," since the Protective Order referenced but did not contain a form of an Attachment A and the parties never subsequently agreed to a specific form.

Highly Confidential material produced and so designated by Local Access. (Docs. 957 at 1; 960 at 2.) As the parties have stipulated to this agreement between themselves, the Court sees no need to amend the Protective Order. The Court will enforce the Protective Order, and this stipulation, to the extent necessary. (*See* Doc. 916 at 4) ("The Court will enforce stipulated and signed confidentiality agreements.").

Local Access, however, objects to any amendment to the Protective Order that would allow Infobip's officers, employees, directors, or attorneys to view Confidential or Highly Confidential material produced *by third parties*. (Doc. 957 at 2.) Local Access argues that third parties produced information in this litigation "with the expectation that their disclosures would be restricted to the recipients under the terms of the Protective Order in effect at the time those third-parties designated and produced their proprietary information." (Doc. 960 at 4.) The Court finds this argument persuasive. While Peerless claims that not amending the Protective Order to allow this change will somehow prohibit its communication with Infobip during mediation, the undersigned fails to see how this would be the case, and without more, is not persuaded by this argument. Additionally, the Court finds that Peerless's assertion that it will be overburdened by this arrangement falls short. Simply because it will need to keep two sets of records and will have to review Litigation Materials to see if they were produced by nonparties is not good cause to justify amending the Protective Order.

As to the auditors, Peerless has not convinced the Court that Infobip's auditors need the Litigation Materials for their audit, and as Local Access points out, the Protective Order specifically contemplates that any use of Litigation Materials for

auditing is a prohibited business use. For that reason, the Court will deny Peerless's request.

Accordingly, it is **ORDERED** that Peerless Network, Inc.'s Motion to Modify Protective Order [ECF 44] (Doc. 946) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on April 24, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE