UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LOCAL ACCESS, LLC,**

      Plaintiff,

v.                                     Case No: 6:17-cv-236-WWB-EJK

**PEERLESS NETWORK, INC.,**

      Defendant.

## ORDER

This cause comes before the Court without oral argument on Local Access LLC's Renewed Motion to Compel Responses to Interrogatories 20 and 22 (the "Motion") (Docs. 978, S-982), filed May 15, 2023. Peerless Network, Inc. responded in opposition (Doc. 980), to which the Court allowed Local Access a reply (Docs. 983, 987). Upon consideration, the Motion is due to be denied.

The issue presented by the pending Motion is related to the calculation of Local Access's claimed damages. Specifically, Local Access "seek[s] information about the number of calls, minutes of use, amounts Peerless billed, amounts Peerless collected, and amounts not billed for Plaintiff's traffic." (Doc. 978 at 1.) Local Access says its damages are comprised of 75% of Collected Tandem Access revenue, which includes not just (1) revenue from LERG routed traffic via carriers, otherwise referred to as third-party billing, but also (2) revenue received from Peerless's delivery of interMTA or interLATA traffic. (Doc. 987 at 1–2.) Peerless has stipulated to a weighted average rate billed for LERG-routed traffic (Doc. 980 at 2), but Local Access objects to

applying that rate to the second category of traffic (*see* Docs. 978 at 2; 987).

In order to calculate Peerless's revenue associated with its delivery of interMTA or interLATA traffic, Local Access says it needs Peerless's contracts for these services, or alternatively, it proposed a stipulation to the rate of $0.35 per minute (derived from Peerless's website). (Doc. 978 at 2.) Peerless has refused both options, instead telling Local Access that it can calculate the revenue using Peerless's publicly available tariff rates, or the tariff rates identified in the previously produced rate decks, in conjunction with Peerless's CDRs. (Doc. 980 at 2.) Local Access claims that this method will inevitably lead Peerless to contend that Local Access used the wrong rates. (Doc. 978 at 2.)[1] Notably, though, Local Access does not claim that it *cannot* make a revenue calculation using what Peerless has produced.

Because it appears that Peerless has provided sufficient information to allow Local Access to make a revenue calculation, the Court finds Peerless's response to be satisfactory, and Local Access LLC's Renewed Motion to Compel Responses to Interrogatories 20 and 22 (Docs. 978, S-982) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on May 31, 2023.

*[signature]*

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

---

[1] This is not an argument that the Court can or should address now. Presumably, if Peerless contends that Local Access used the wrong rates, it will have to show what, in its estimation, are the correct rates. Local Access has certainly preserved its argument that it sought such information for its damages calculation.