# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LOCAL ACCESS, LLC,**

      Plaintiff,

v.                                       Case No: 6:17-cv-236-WWB-EJK

**PEERLESS NETWORK, INC.,**

      Defendant.

## ORDER

This cause comes before the Court on the Unopposed Motions to Seal (the "Motions") various filings associated with the parties' Motions to Compel and responses thereto. (Docs. 993, 998, 1001, 1002, 1003, 1009). For the reasons stated herein, the Motions are due to be granted.

Local Rule 1.11(c)[1] requires the following for filing a document under seal, if it is not authorized by a statute, rule, or order:

> [The Motion] (1) must include in the title "Motion for Leave to File Under Seal"; (2) must describe the item proposed for sealing; (3) must state the reasons . . . filing the item is necessary, . . . sealing the item is necessary, and . . . partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory; (4) must propose a duration of the seal; (5) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item; (6) must include a legal

---

[1] Local Access moved to file its documents under seal pursuant to Local Rule 1.11(b), asserting the Protective Order authorizes the filings under seal. (Docs. 993, 998.) However, the Protective Order does not authorize seals, and therefore, the Court construes Local Access's motions as being made pursuant to Local Rule 1.11(c).

>memorandum supporting the seal; but (7) must not include the item proposed for sealing.

The parties' Motions comply with the Local Rule; thus, the Court must now determine whether there is good cause for the seal and whether the proposed duration is appropriate.

While the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records," *United States v. Rosenthal*, 763 F.2d 1291, 1292–93 (11th Cir. 1985), a party may overcome the public's right to access by demonstrating good cause. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.").

If good cause is shown, the court must balance the interest in obtaining access to the information against the interest in keeping the information confidential. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001). Factors a court may consider are:

>[W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

Local Access's Motion at Docket Entry 993 seeks to seal Exhibit A to its Motion to Compel filed at Docket Entry 991, which is the Highly Confidential version of James Webber's expert report. Local Access's Motion at Docket Entry 998 seeks to seal its Motion to Compel the Re-Deposition of James Webber at Docket Entry 995 and the exhibits thereto, which include and reference the November 3, 2022 Highly Confidential report of James Webber; the May 2, 2023 Highly Confidential report of David Gabel; and the June 1, 2023 Highly Confidential report of James Webber.

Peerless's Motion at Docket Entry 1001 seeks to seal exhibits to its Motion to Compel Additional Expert Depositions at Docket Entry 996, which attaches copies of the expert reports of David Gabel, James Smith, and David Malfara. Peerless's Motion at Docket Entry 1002 seeks to seal exhibits to its Motion to Compel Responses to Fifth Set of Requests for Admission at Docket Entry 997, which attaches copies of Peerless's Tenth Documents Requests and Fifth Requests for Admission to Local Access and Local Access's Responses and Objections to Peerless Network, Inc.'s Tenth Document Requests and Fifth Requests for Admission. Peerless's Motion at Docket Entry 1003 seeks leave to seal its Motion to Compel Responses to Tenth Set of Requests for Production, which also attaches Peerless Network, Inc.'s Tenth Document Requests and Fifth Requests for Admission to Local Access, Local Access's Responses and Objections to Peerless Network, Inc.'s Tenth Document Requests and Fifth Requests for Admission, and an exhibit discussing 0110 traffic. Finally, Peerless's Motion at Docket Entry 1009 seeks to file under seal exhibits to and portions of its Omnibus Response in Opposition to Local Access's Motions to Compel at Docket Entry 1005.

This Response attaches copies of Peerless's Responses and Objections to Local Access's Seventh and Eighth Set of Interrogatories, the Expert Report of James D. Webber, and the Report of Joseph Gillan Adopted by David Gabel.

All of the referenced Motions discuss or attach items that have been designated by a party as Confidential or Highly Confidential pursuant to the terms of the Protective Order. As the undersigned previously found, based on the parties' representations that the documents have been designated "Confidential" or "Highly Confidential" pursuant to the terms of Protective Order, the Court will infer that the parties have certified that the information contained therein references confidential or proprietary business information, as contemplated by the definitions set forth in the Protective Order (Doc. 44 at 2). (*Id.*)

Courts in this District have recognized that maintaining the privacy of confidential business information can constitute good cause for keeping documents from the public view. *See, e.g.*, *Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv399-Orl-40TBS, 2017 WL 2021761, at *2–3 (M.D. Fla. May 12, 2017) (permitting sealing of proprietary financial and business information); *Patent Asset Licensing LLC, v. Bright House Networks, LLC*, No. 3:15-cv-742-J-32MCR, 2016 WL 2991057, at *2 (M.D. Fla. May 24, 2016) (permitting party to file confidential business information under seal where such documents' exposure could "violate the parties' privacy or proprietary interests"). Thus, the parties have demonstrated good cause to overcome the public's right of access to the aforementioned documents to be sealed.

Accordingly, it is **ORDERED** as follows:

1. The Unopposed Motions to Seal (Docs. 993, 998, 1001, 1002, 1003, 1009) are **GRANTED**.

2. The parties are **DIRECTED** to file the documents approved for sealing through CM/ECF **on or before June 16, 2023**. The seal shall remain in place until resolution of this matter, including any appeals.

**DONE** and **ORDERED** in Orlando, Florida on June 14, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE