# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LOCAL ACCESS, LLC,**

      **Plaintiff,**

v.                                                    Case No: 6:17-cv-236-WWB-EJK

**PEERLESS NETWORK, INC.,**

      **Defendant.**

## ORDER

This cause comes before the Court on Peerless Network, Inc.'s Unopposed Motion for Leave to File Under Seal its Motion for Sanctions (the "Motion") (Doc. 1033), filed July 6, 2023. Upon consideration, the Motion is due to be granted.

Local Rule 1.11(c) requires the following for filing a document under seal, if it is not authorized by a statute, rule, or order:

> [The Motion] (1) must include in the title "Motion for Leave to File Under Seal"; (2) must describe the item proposed for sealing; (3) must state the reasons . . . filing the item is necessary, . . . sealing the item is necessary, and . . . partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory; (4) must propose a duration of the seal; (5) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item; (6) must include a legal memorandum supporting the seal; but (7) must not include the item proposed for sealing.

The Motion complies with the Local Rule; thus, the Court must now determine whether there is good cause for the seal.

While the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records," *United States v. Rosenthal*, 763 F.2d 1291, 1292–93 (11th Cir. 1985), a party may overcome the public's right to access by demonstrating good cause. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.").

If good cause is shown, the court must balance the interest in obtaining access to the information against the interest in keeping the information confidential. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001). Factors a court may consider are:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

Peerless requests leave to file under seal its Motion for Sanctions (Doc. 1032) and 30 of 33 exhibits attached thereto, which Peerless represents contain information that a party or deponent has designated as Confidential or Highly Confidential Litigation Material, pursuant to the terms of the Protective Order (Doc. 44). (Doc.

1033 at 1.) The Motion for Sanctions quotes from the exhibits and has been filed in redacted form. (Doc. 1032.) Generally, the exhibits sought to be sealed, which have not been filed in redacted form, include (1) documents and communications exchanged between Local Access and its customers; (2) documents and communications exchanged between Local Access and Peerless, including between their attorneys; and (3) transcript excerpts from depositions of Local Access's principals and customers. (*Id.* at 1–2.)

Peerless represents that all of the referenced documents refer to or quote information that has been designated by a party as Confidential or Highly Confidential pursuant to the terms of the Protective Order. As the undersigned previously found, based on the parties' representations that the documents have been designated "Confidential" or "Highly Confidential" pursuant to the terms of the Protective Order, the Court will infer that the parties have certified that the information contained therein references confidential or proprietary business information, as contemplated by the definitions set forth in the Protective Order (Doc. 44 at 2).

Courts in this District have recognized that maintaining the privacy of confidential business information can constitute good cause for keeping documents from the public view. *See, e.g.*, *Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv399-Orl-40TBS, 2017 WL 2021761, at *2–3 (M.D. Fla. May 12, 2017) (permitting sealing of proprietary financial and business information); *Patent Asset Licensing LLC, v. Bright House Networks, LLC*, No. 3:15-cv-742-J-32MCR, 2016 WL 2991057, at *2 (M.D. Fla. May 24, 2016) (permitting party to file confidential business information under seal

where such documents' exposure could "violate the parties' privacy or proprietary interests"). Thus, Peerless has demonstrated good cause to overcome the public's right of access to the aforementioned documents to be sealed.

Accordingly, it is **ORDERED** as follows:

1. Peerless Network, Inc.'s Unopposed Motion for Leave to File Under Seal its Motion for Sanctions (Doc. 1033) is **GRANTED**.

2. Peerless is **DIRECTED** to file the documents approved for sealing through CM/ECF **on or before July 24, 2023**. The seal shall remain in place until resolution of this matter, including any appeals.

**DONE** and **ORDERED** in Orlando, Florida on July 17, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE