UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LOCAL ACCESS, LLC,**

**Plaintiff,**

**v.** **Case No: 6:17-cv-236-WWB-EJK**

**PEERLESS NETWORK, INC.,**

**Defendant.**

## ORDER

This cause comes before the Court on Peerless Network, Inc.'s Motion to Strike (Docs. 958, S-964), filed April 14, 2023. Local Access, LLC, responded in opposition on April 28, 2023. (Docs. 966, S-1046.)[1] Upon consideration, the Motion is due to be granted in part and denied in part.

## I. BACKGROUND

Peerless moves pursuant to Federal Rule of Civil Procedure 12(f) to strike certain affirmative defenses Local Access asserts in its Answer and Affirmative Defenses to Peerless's Counterclaims (Docs. 941, S-951). (Doc. S-964.) Peerless asserts various claims against Local Access for fraud and breach of contract. (Doc. 193.) Local Access asserts twenty-two affirmative defenses. (S-951.) Peerless moves to strike seventeen of them, asserting that they plead only bare-bones conclusory allegations or are not actually affirmative defenses. (Doc. S-964.) The Court addresses each

[1] The Court cites to the sealed version of these documents in this Order; however, no portion of this Order references sealed material.

challenged affirmative defense in turn.

## II. STANDARD

Federal Rule of Civil Procedure 8(b) provides that when a party responds to a pleading, it must "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). Federal Rule 8(c) requires a party to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1). "The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it." *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988).

Pursuant to Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "By its very definition, '[a]n affirmative defense is established only when a defendant *admits the essential facts* of a complaint and sets up other facts in justification or avoidance.' Thus, a defense which simply points out a defect or lack of evidence in a plaintiff's case is not an affirmative defense." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) (quoting *Will v. Richardson–Merrell, Inc.*, 647 F. Supp. 544, 547 (S.D. Ga. 1986)).

However, although "an affirmative defense may be stricken if it is legally insufficient, . . . striking a defense is a drastic remedy, which is disfavored by the courts." *Adams v. JP Morgan Chase Bank, N.A.*, No. 3:11-cv-337-J-37MCR, 2011 WL 2938467, at *1 (M.D. Fla. July 21, 2011) (citations and internal quotation marks omitted); *see also Somerset Pharm., Inc. v. Kimball*, 168 F.R.D. 69, 71 (M.D. Fla. 1996)

(stating that motions to strike are not favored and are often considered time wasters). "'An affirmative defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'" *Adams*, 2011 WL 2938467, at *1 (quoting *Microsoft Corp. v. Jesse's Computers & Repair, Inc.,* 211 F.R.D. 681, 683 (M.D. Fla. 2002)).

## III. DISCUSSION

### A. Affirmative Defense 1

The first affirmative defense asserts that Peerless has waived any claim under Counts IV, V, VII, VIII, or IX that it had the right to be the exclusive provider of services to Local Access. (Doc. S-951 at 18–19.) While the affirmative defense goes into quite some detail, essentially, the basis for it arises from actions taken by Peerless in a prior case between the parties, *Local Access, LLC v. Peerless Network, Inc.*, No. 14-cv-399 (M.D. Fla.) ("Case 399"), wherein Peerless withdrew a motion to amend its counterclaim against Local Access. (*See id.*)

Peerless argues that withdrawing its motion to amend in Case 399 did not rise to the level of a waiver. (Doc. S-964 at 5.) Peerless also argues that its amending the Homing Tandem Agreement (the "Agreement") in connection with the settlement of Case 399 is not a waiver. (*Id.* at 5–6.) Local Access responds that Peerless's motion is an improper attempt to obtain summary judgment on the defense without consideration of the facts. (Doc. S-1046 at 4.)

Peerless's argument does not establish that this defense should be stricken pursuant to Rule 12(f). This affirmative defense can more adequately be characterized

as a factual dispute between the parties that is inappropriate to address on a motion to strike. "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995). Here, substantial factual questions remain as to the waiver issue, and no prejudice has been identified; therefore, the Court will deny the motion to strike this defense.

**B. Affirmative Defenses 2 and 3**

The second and third affirmative defenses assert that Peerless waived the right to assert that the Agreement does not provide for outbound service, by (1) sending Local Access rate decks, which contained pricing for outbound service, and (2) setting up facilities for outbound test calls, working with Local Access to place outbound test calls, and completing outbound test calls. (Doc. S-951 at 19.)

Peerless argues that these are not affirmative defenses to Peerless's claims because none of Peerless's counterclaims depend on the assertion that the Agreement does not provide for outbound services. (Doc. S-964 at 6.) Moreover, Peerless asserts that the referenced actions are not sufficient to rise to the level of waiver. (*Id.* at 6–7.) Local Access admits that the Court dismissed Peerless's counterclaim for a judicial declaration on whether the contract provides for outbound traffic (Doc. 936 at 2), but it is Local Access's position that Peerless's surviving counterclaims still allege that the contract does not allow for outbound traffic in paragraphs which are incorporated into its existing counterclaims. (Doc. S-1046 at 6–7.)

For the same reasons the undersigned declined to strike the first affirmative defense, the Court will also deny the motion to strike these two affirmative defenses. Even though Peerless's counterclaim for a judicial declaration on whether the contract provides for outbound traffic has been dismissed, the question of whether the Agreement provided for outbound services is related to Peerless's counterclaims. Thus, to the extent that these affirmative defenses put into issue relevant and substantial factual questions with no showing of prejudice to Peerless, the defenses are sufficient. *See Reyher*, 881 F. Supp. at 576.

**C. Affirmative Defenses 5 and 16**

The fifth affirmative defense asserts that Count IV fails to state a claim upon which relief can be granted (Doc. S-951 at 20), and the sixteenth affirmative defense asserts that Counts VII and VIII are not pleaded with sufficient particularity or specificity to state a claim for fraud (*id.* at 25). Peerless asserts that "failure to state a claim" is not an affirmative defense, and even if it were, the Court has rejected Local Access's argument that Peerless failed to state a claim in the aforementioned Counts. (Doc. S-964 at 7–8.) Local Access acknowledges as much, but requests that the Court treat these defenses as specific denials, rather than striking the defenses. (Doc. S-1046 at 9–10.)

The parties are correct that the defense of failure to state a claim is not an affirmative defense. *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 2010) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense.") However, the Court declines to strike these defenses because

"without more, [it] is akin to a denial that Plaintiff cannot prove an element of [her] case." *J.G.G. Tobacco Holding Co., Inc. v. Antigua Esteli Tobacco, Corp.*, No. 19-23732-CIV, 2020 WL 4926582, at *2 (S.D. Fla. May 20, 2020) (treating defense of failure to state a claim as a general denial and denying motion to strike same).

**D. Affirmative Defense 7**

The seventh affirmative defense asserts that Peerless's claims are barred by the doctrine of estoppel. (Doc. S-951 at 21–22.) Peerless argues that estoppel is an equitable defense that must be pleaded with particularity but that Local Access's affirmative defense falls short of pleading fraud, misrepresentation, or the concealment of a material fact, which it contends Illinois law requires. (Doc. S-964 at 8–9.) Local Access responds that Illinois law is not as stringent as Peerless asserts, and in any event, the affirmative defense is sufficiently pleaded. (Doc. S-1046 at 10–14.)

Estoppel is an equitable doctrine that must be pleaded with particularity—on this point, the parties agree. *Microthin.com, Inc. v. Siliconezone USA, LLC*, No. 06 C 1522, 2006 WL 3302825, at *10 (N.D. Ill. Nov. 14, 2006). However, the parties disagree on *how* particularly Illinois law requires this defense to be pleaded.[2] Peerless asserts there are six elements to this affirmative defense (Doc. S-964 at 8), while Local Access says there are only three elements. (Doc. S-1046 at 10–11.)

[2] The parties agree that Illinois substantive law applies.

At least one Illinois federal court has stated:

> To state an equitable estoppel affirmative defense to a federal claim, a defendant must allege: (1) a misrepresentation by the party against whom estoppel is asserted; (2) reasonable reliance on that misrepresentation by the party asserting estoppel; and (3) detriment to the party asserting estoppel. *Kennedy v. United States*, 965 F.2d 413, 417 (7th Cir. 1992). Under Illinois law, a defendant must plead six elements: (1) the other person misrepresented or concealed material facts; (2) the other person knew at the time he or she made the representations that they were untrue; (3) the party claiming estoppel did not know that the representations were untrue when they were made and when they were acted upon; (4) the other person intended or reasonably expected that the party claiming estoppel would act upon the representations; (5) the party claiming estoppel reasonably relied upon the representations in good faith to his or her detriment; and (6) the party claiming estoppel would be prejudiced by his or her reliance on the representations if the other person is permitted to deny the truth thereof.

*Glen Flora Dental Ctr., Ltd. v. First Eagle Bank*, 487 F. Supp. 3d 722, 739 (N.D. Ill. 2020). However, as Local Access points out, other Illinois federal courts have not made this same distinction, stating that the affirmative defense of estoppel is pleaded in just three elements. *Microthin.com*, 2006 WL 3302825, at *10.

It appears to the undersigned that the court in *Microthin.com* was addressing affirmative defenses that were pleaded in response to federal claims of patent infringement. *Id.* at *1, *9. Thus, it stated the affirmative defense of estoppel is pleaded in three elements. *Id.* at *10. As the affirmative defense of estoppel in this case is pleaded in response to Illinois state law claims (S-951), Illinois law requires the pleading of six elements. *Glen Flora*, 487 F. Supp. 3d at 739.

Under either pleading standard, however, a review of the seventh affirmative defense reveals that it fails to plead an *affirmative* misrepresentation. Local Access admits as much, but states that, as pleaded, this affirmative defense is adequate, because the misrepresentation can be inferred based on the representation cited. (Doc. S-1046 at 11.) Local Access also cites Illinois authority that supports that idea that "it is sufficient that a fraudulent or unjust effect results from allowing another person to raise a claim inconsistent with his or her former declarations." *In re Scarlett Z.- D.*, 28 N.E.3d 776, 785 (Ill. 2015). The undersigned concludes that this affirmative defense is adequately pleaded, in light of *Scarlett* and Local Access's detailed accounting of the representations made by Peerless and the actions Local Access took in reliance.

**E. Affirmative Defense 8**

The eighth affirmative defense asserts that Peerless is equitably estopped from claiming that the Agreement did not provide for routing of the outbound traffic. (Doc. S-951 at 22.) Peerless asserts similar arguments to those made as to the second, third, and seventh affirmative defenses. (Doc. S-964 at 9–10.) Therefore, the Court will not strike this affirmative defense for the same reasons articulated *supra*.

**F. Affirmative Defenses 9 and 10**

The ninth and tenth affirmative defenses assert that Peerless expressly released Local Access from certain claims. (Doc. S-951 at 23.) Peerless argues that these defenses are insufficiently pleaded because they fail to identify which of Peerless's counts were released. (Doc. S-964 at 10.) Local Access counters that the affirmative defenses provide fair notice.

Upon review of these defenses, the undersigned finds that they are sufficiently pleaded. The undersigned does not consider these affirmative defenses to be bare-bones, as they contain references to factual allegations. Moreover, the undersigned does not read the case cited by Peerless in support of its argument, *Bluegreen Vacations Unlimited, Inc. v. Timeshare Termination Team, LLC*, No. 20-CV-25318, 2021 WL 2476488, at *3 (S.D. Fla. June 17, 2021), to support the claim that affirmative defenses should identify which counts were purportedly released. Thus, the undersigned finds these affirmative defenses are sufficiently pleaded.

**G. Affirmative Defense 11**

The eleventh affirmative defense asserts that Counts VII and VIII, for fraudulent inducement and fraud, are barred by the doctrine of unjust enrichment. (Doc. S-951 at 23.) Peerless asserts that the defense of unjust enrichment is not a cognizable affirmative defense. (Doc. S-964 at 10) (citing *Minalga v. Fid. Invs. Institutional Operations Co.*, No. 01 C 4173, 2002 WL 31527251, at *2 (N.D. Ill. Nov. 14, 2002); *Local Access, LLC v. Peerless Network, Inc.*, No: 6:17–cv–236–Orl–40TBS, 2018 WL 3067908, at *7 (M.D. Fla. May 21, 2018) (striking Peerless's asserted affirmative defense of unjust enrichment on this basis)). Local Access recognizes this but asserts that the Court should treat it as a counterclaim, citing Federal Rule of Civil Procedure 8. (Doc. S-1046 at 14–15.) At this late stage in the proceedings, the undersigned finds that it would be prejudicial to Peerless to allow Local Access to designate this defense as a counterclaim. Additionally, this defense was previously stricken in Case 399. Therefore, this affirmative defense is stricken.

**H. Affirmative Defense 12**

The twelfth affirmative defense asserts that Peerless's equitable claims are barred by the doctrine of unclean hands. (Doc. S-951 at 23–24.) The affirmative defense of unclean hands is an equitable defense that must be pleaded with particularity. *Microthin.com*, 2006 WL 3302825, at *10. Peerless argues that the examples Local Access cites in this affirmative defense, if taken as true, are merely examples of breach of contract by Peerless and reflect that the parties have disputes regarding the meaning of the Agreement and its amendments. (Doc. S-964 at 11–12.) However, Local Access has alleged facts that support a defense of unclean hands because it identifies alleged bad faith acts Peerless took. Therefore, the motion to strike this affirmative defense is denied.

**I. Affirmative Defense 13**

Local Access does not oppose the striking of this defense. Accordingly, the Motion will be granted as to Defense 13.

**J. Affirmative Defense 14**

The fourteenth affirmative defense asserts that all of Peerless's claims are barred by the doctrine of res judicata or collateral estoppel, to the extent that they rely upon the assertion that the March 31, 2017 settlement agreement is unclear, invalid, or unenforceable. (Doc. S-951 at 24–25.) Peerless argues that Local Access does not identify any affirmative claim by Peerless that relies upon the assertion that the March 17, 2017 settlement agreement is unclear, invalid, or unenforceable. (Docs. S-964 at 12-13.) So, Peerless asserts, even if res judicata or collateral estoppel applies with

respect to the settlement agreement, those doctrines are not actually defenses to any of Peerless's claims. (*Id.* at 13.) But Local Access counters that Peerless alleged that Local Access made misrepresentations related to the settlement agreement and incorporates those allegations into its counterclaims:

> Peerless alleges certain terms of the March 31, 2017 settlement agreement and contends that LA made several misrepresentations to procure that agreement. Doc. 146 at ¶¶ 81-86, 120, 130, 154, 162 & 171. Peerless specifically related those alleged misrepresentations to LA's contract with Inteliquent and alleged that LA did not disclose all material terms of that agreement to Peerless. Id. Thus, to the extent that Peerless's counterclaims rely upon these express allegations, the affirmative defense is appropriate and should stand.

(Doc. S-1046 at 18.)

Local Access asserts that while Peerless continues to contend that the settlement agreement is ambiguous (*see* Doc. S-964 at 13), and some of Local Access's defenses depend on the settlement agreement, it is appropriate for Local Access to assert a defense stating that Peerless is barred from contesting the clarity and enforceability of the settlement agreement terms. (*Id.*) The Court agrees and finds that this defense should remain.

**K. Affirmative Defense 15**

The fifteenth affirmative defense asserts that any failure of performance by Local Access under any exclusivity requirements of the Agreement was caused by Peerless's own actions to prevent such performance. (Doc. S-951 at 25.) Peerless argues Local Access has failed to plead any affirmative actions Peerless took to prevent

Local Access's performance. (Doc. S-964 at 13.) The Court disagrees. Local Access has identified facts to show how Peerless's acts, such as a failure to provide information to Local Access, prevented Local Access's performance. (Doc. S-951 at 25.) Ultimately, whether such a defense is successful is not an issue appropriate for determination on a motion to strike.

**L. Affirmative Defense 17**

The seventeenth affirmative defense asserts that Peerless failed to satisfy conditions precedent to Local Access's performance under the Agreement because "Peerless failed to provide Local Access with a list of all markets and/or LATAs in which Peerless could provide services to [Local Access] and failed to provide Local Access with notice of expansion into other markets and/or LATAs." (Doc. S-951 at 25–26.) Peerless argues that "Local Access fails to identify any provision of the Agreement that supports its claim that Peerless's providing a list of markets was a condition precedent to any of Local Access's obligations." (Doc. S-964 at 14.)

Local Access responds that this defense places Peerless on fair notice that Local Access will challenge whether Peerless provided the requisite information before Local Access could route traffic through Peerless in any given area. (Doc. S-1046 at 19.) Peerless's argument falls short of persuading the undersigned that the defense should be stricken, as again, this appears to be an issue inappropriate for resolving at the pleading stage.

**M. Affirmative Defense 19**

The nineteenth affirmative defense asserts that any misunderstanding or misconstruction of the Agreement, the first amendment, or the March 31, 2017 settlement agreement was the result of Peerless's unilateral mistake and Peerless would not be relieved of its contractual obligations. (Doc. S-951 at 26.) Peerless asserts that, as pleaded, this is not an affirmative defense because Local Access does not plead that it has made a mistake, but rather, that Peerless did. (Doc. S-964 at 14–15.) Local Access concedes that this defense is "preemptive in nature" but serves to place Peerless on notice of what Local Access will contend at trial. (Doc. S-1046 at 20.)

Given Local Access's concession that this is not a true defense, but there being no asserted prejudice in allowing it to remain, the Court will treat it as a denial of Peerless's anticipated arguments. Therefore, the Court will decline to strike this defense. *Hansen v. ABC Liquors, Inc.*, No. 3:09-CV-966-J-34MCR, 2009 WL 3790447, at *2 (M.D. Fla. Nov. 9, 2009) ("[W]hen a party incorrectly labels a 'negative averment as an affirmative defense rather than as a specific denial[,] . . . the proper remedy is not [to] strike the claim, but rather to treat [it] as a specific denial .") (internal quotation marks omitted).

**N. Affirmative Defense 22**

The twenty-second affirmative defense asserts that Counts VII and VIII are barred to the extent that no claim of fraud in the inducement is actionable where the alleged fraud contradicts a subsequent written contract. (Doc. S-951 at 27.) Peerless argues that Local Access does not identify any allegation by Peerless that is

inconsistent with the terms of the Agreement and its amendments. (Doc. S-964 at 15.) Local Access agrees that a more definite statement would be appropriate and does not oppose striking this defense. (Doc. S-1046 at 19.) However, Local Access requests leave to amend the defense to provide greater specificity. (*Id.*) At this late stage in the litigation, the Court finds that this affirmative defense is due to be stricken, without leave to amend.

**IV. CONCLUSION**

Accordingly, it is **ORDERED** that Peerless Network, Inc.'s Motion to Strike (Docs. 958, S-964) is **GRANTED IN PART and DENIED IN PART** as follows:

1. The Motion is **GRANTED** to the extent that Defenses 11, 13, and 22 are **STRICKEN** and Defenses 5, 16, and 19 will be treated as denials.
2. The Motion is otherwise **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on July 28, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE