# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LOCAL ACCESS, LLC,**

      **Plaintiff,**

v.                                            **Case No: 6:17-cv-236-WWB-EJK**

**PEERLESS NETWORK, INC.,**

      **Defendant.**

## ORDER

This cause comes before the Court on the various motions to seal filed by both parties. (Docs. 1051, 1054, 1056, 1063, 1064, 1067, 1069.) Upon consideration, the motions are due to be granted.

Local Rule 1.11(c) requires the following for filing a document under seal, if it is not authorized by a statute, rule, or order:

> [The Motion] (1) must include in the title "Motion for Leave to File Under Seal"; (2) must describe the item proposed for sealing; (3) must state the reasons . . . filing the item is necessary, . . . sealing the item is necessary, and . . . partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory; (4) must propose a duration of the seal; (5) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item; (6) must include a legal memorandum supporting the seal; but (7) must not include the item proposed for sealing.

The motions comply with the Local Rule; thus, the Court must now determine whether there is good cause for the seal.

While the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records," *United States v. Rosenthal*, 763 F.2d 1291, 1292–93 (11th Cir. 1985), a party may overcome the public's right to access by demonstrating good cause. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.").

If good cause is shown, the court must balance the interest in obtaining access to the information against the interest in keeping the information confidential. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001). Factors a court may consider are:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

The following items are proposed for sealing by the parties:

- Local Access's Response to Peerless Network Inc's Motion for Sanctions (Doc. 1050) and Exhibits 5–9 thereto. (Doc. 1051.)

- Peerless's Motion to Strike and Exclude the Testimony of James Smith (Doc.

1053). (Doc. 1054.)

- Peerless's Motion to Strike and Exclude the Testimony of Plaintiff's Expert David Malfara (Doc. 1055). (Doc. 1056.)

- Local Access's Exhibits to *Daubert* Motion to Exclude Expert Opinion Testimony of Michael Starkey (Docs. 1058-1, 1058-2), and *Daubert* Motion to Exclude Expert Opinion Testimony of James Webber, and the exhibits thereto. (Docs. 1059, 1059-1, 1059- 2, 1059-3, 1059-4 & 1059-5). (Doc. 1063.)

- Local Access's Motion for Summary Final Judgment Pursuant to Federal Rule of Civil Procedure 56 (Doc. 1060) and Exhibits 1–13, 15–18, and 21 thereto. (Doc. 1064.)

- Peerless's Motion to Exclude the Testimony of Plaintiff's Expert David Gabel (Doc. 1052) and Exhibits 91, 240, E, 5, 19, 48, 71, 96, 98, 206, 213, 235, 236, 237, 239, and D thereto. (Doc. 1067.)

- Peerless's Motion for Summary Judgment (Doc. 1057), and Exhibits 91, K, R, 5, 19, 48, 65, 66, 71, 80, 96, 98, 206, 235, 239, 240, D, E, H, O, P, Q, and S. (Doc. 1069.)

The parties represent that the proposed items to be sealed all contain information that is "Confidential" or "Highly Confidential" in nature, as defined by the Protective Order. (Doc. 44 at 2.) As the Court has previously found, based on these representations, the Court will infer that the parties have certified that the information contained therein references confidential or proprietary business information.

Courts in this District have recognized that maintaining the privacy of confidential business information can constitute good cause for keeping documents from the public view. *See, e.g.*, *Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv399-Orl-40TBS, 2017 WL 2021761, at *2–3 (M.D. Fla. May 12, 2017) (permitting sealing of proprietary financial and business information); *Patent Asset Licensing LLC, v. Bright House Networks, LLC*, No. 3:15-cv-742-J-32MCR, 2016 WL 2991057, at *2 (M.D. Fla. May 24, 2016) (permitting party to file confidential business information under seal where such documents' exposure could "violate the parties' privacy or proprietary interests"). Thus, the parties have demonstrated good cause to overcome the public's right of access to the aforementioned documents to be sealed.

Accordingly, it is **ORDERED** as follows:

1. The Motions to Seal (Docs. 1051, 1054, 1056, 1063, 1064, 1067, 1069) are **GRANTED**.

2. All items approved for sealing by this Order **SHALL** be filed through CM/ECF **on or before August 17, 2023**. The seal shall remain in place until resolution of this matter, including any appeals.

**DONE** and **ORDERED** in Orlando, Florida on August 10, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE