## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**LOCAL ACCESS, LLC,**

        **Plaintiff,**

**v.**                                       **Case No: 6:17-cv-236-WWB-EJK**

**PEERLESS NETWORK, INC.,**

        **Defendant.**

### ORDER

This cause comes before the Court on the Unopposed Motions to Seal (Docs. 1132, 1135), filed September 22 and 26, 2023, respectively.

Local Rule 1.11(c) requires the following for filing a document under seal, if it is not authorized by a statute, rule, or order:

> [The Motion] (1) must include in the title "Motion for Leave to File Under Seal"; (2) must describe the item proposed for sealing; (3) must state the reason . . . filing the item is necessary, . . . sealing the item is necessary, and . . . partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory; (4) must propose a duration of the seal; (5) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item; (6) must include a legal memorandum supporting the seal; but (7) must not include the item proposed for sealing.

The Motions to Seal broadly comply with the Local Rule; thus, the Court must now determine whether there is good cause for the seal.

While the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records," *United States v. Rosenthal*, 763 F.2d 1291, 1292–93

(11th Cir. 1985), a party may overcome the public's right to access by demonstrating good cause. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.").

If good cause is shown, the court must balance the interest in obtaining access to the information against the interest in keeping the information confidential. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001). Factors a court may consider are:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

Local Access seeks to file under seal Exhibit L to Peerless Network Inc.'s Motion for Summary Judgment (Doc. 1065-30), which is the entire transcript of the June 27, 2023, deposition of David Gabel, one of Local Access's experts. (Doc. 1132.) A placeholder for this exhibit has been filed on the public docket. Local Access has only designated portions of the deposition as "Confidential" or "Highly Confidential," but Peerless requests that the entire deposition be filed. (Doc. 1132 at 2.) Thus, Local

Access seeks to file it under seal.

However, Local Access has not persuaded the Court that it is necessary to file the entire Gabel deposition under seal. As only portions of the deposition have been labeled as "Confidential" or "Highly Confidential," then those portions can be redacted and filed under seal. The remainder of the deposition should be filed on the public docket. Thus, Local Access has demonstrated good cause to overcome the public's right of access only as to those portions of the Gabel deposition that it has previously designated as "Confidential" or "Highly Confidential."

Next, Peerless seeks to file under seal an unredacted version of its Summary Judgment Reply Brief (Doc. 1131), as well as several exhibits attached thereto. Specifically, the exhibits that Peerless requests be sealed are a third-party services agreement (Ex. 98), correspondence between counsel for Peerless and Local Access (Ex. AT), a party declaration (Ex. K), and witness deposition transcripts (Exs. 240 and AR). (Doc. 1135 at 2.)

Peerless has filed redacted copies of Exhibits K, AR, and AT on the public docket. As to Exhibits K and AR, Peerless represents that the party designating those documents provided line-by-line designations of "Confidential" information. (*Id.*) Exhibit AT contains word-by-word designations of "Confidential" information, which the Court previously granted leave to seal. (*Id.*)

As to the remaining two exhibits, they have been labeled as "Highly Confidential" in their entirety by Local Access. (*Id.* at 3.) Peerless states that Exhibit 98 is an agreement between Local Access and a third party which Local Access claims

is relevant to its damages. (*Id.*) Local Access designated the third-party agreement as Highly Confidential in its entirety. (*Id.*) Exhibit 240 contains excerpts of David Gabel's February 2023 deposition testimony, which excerpts Local Access has designated as Highly Confidential in their entirety. (*Id.*)

Peerless represents that the proposed items to be sealed all contain information that is "Confidential" or "Highly Confidential" in nature, as defined by the Protective Order. (Docs. 44 at 2; 1135.) As the Court has previously found, based on these representations, the Court will infer that Peerless has certified that the information contained therein references confidential or proprietary business information.

Courts in this District have recognized that maintaining the privacy of confidential business information can constitute good cause for keeping documents from the public view. *See, e.g.*, *Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv399-Orl-40TBS, 2017 WL 2021761, at *2–3 (M.D. Fla. May 12, 2017) (permitting sealing of proprietary financial and business information); *Patent Asset Licensing LLC, v. Bright House Networks, LLC*, No. 3:15-cv-742-J-32MCR, 2016 WL 2991057, at *2 (M.D. Fla. May 24, 2016) (permitting party to file confidential business information under seal where such documents' exposure could "violate the parties' privacy or proprietary interests"). Thus, Peerless has demonstrated good cause to overcome the public's right of access to the aforementioned documents to be sealed.

Accordingly, it is **ORDERED** as follows:

1. The Motion to Seal (Doc. 1132) is **GRANTED IN PART and DENIED IN**

**PART**. Those portions of Gabel's deposition that have been marked "Confidential" or "Highly Confidential" may be redacted and filed under seal. The remaining portions of Gabel's deposition must be filed on the public docket.

2. The Motion to Seal (Doc. 1135) is **GRANTED**.

3. All items approved for sealing by this Order **SHALL** be filed through CM/ECF **on or before October 10, 2023**. The seal shall remain in place until resolution of this matter, including any appeals.

**DONE** and **ORDERED** in Orlando, Florida on October 4, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE