UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LOCAL ACCESS, LLC,**

      **Plaintiff,**

v.                                Case No: 6:17-cv-236-WWB-EJK

**PEERLESS NETWORK, INC.,**

      **Defendant.**

### ORDER

This cause comes before the Court on the parties' various Motions to Seal. (Docs. 1159, 1160, 1166, 1169.) Upon consideration, the Motions to Seal are due to be granted.

Local Rule 1.11(c) requires the following for filing a document under seal, if it is not authorized by a statute, rule, or order:

> [The Motion] (1) must include in the title "Motion for Leave to File Under Seal"; (2) must describe the item proposed for sealing; (3) must state the reason . . . filing the item is necessary, . . . sealing the item is necessary, and . . . partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory; (4) must propose a duration of the seal; (5) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item; (6) must include a legal memorandum supporting the seal; but (7) must not include the item proposed for sealing.

The Motions to Seal comply with the Local Rule; thus, the Court must now determine whether there is good cause for the seal.

While the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records," *United States v. Rosenthal*, 763 F.2d 1291, 1292–93 (11th Cir. 1985), a party may overcome the public's right to access by demonstrating good cause. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.").

If good cause is shown, the court must balance the interest in obtaining access to the information against the interest in keeping the information confidential. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001). Factors a court may consider are:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

Local Access seeks to file under seal the following:

- Exhibits 1 and 2 to its Motion in Limine (Doc. 1157). (Doc. 1159.)

- An unredacted copy of its Time Sensitive Motion to Compel Proffer of Testimony of Henry Kelly at the November 20, 2023 Hearing on Motion

- to Disqualify (Doc. 1158). (Doc. 1160.)

- An unredacted copy of its response to Motion to Disqualify Trial Counsel and Exhibits 3 and 6 thereto (Doc. 1168). (Doc. 1169.)

Peerless seeks to file under seal an unredacted copy of its Motion in Limine and ten exhibits attached thereto (Doc. 1156). (Doc. 1166.)

The parties represent that the proposed items to be sealed, which include information regarding communications with customers and information relative to the parties' confidential or highly confidential contracts, all contain information that is "Confidential" or "Highly Confidential" in nature, as defined by the Protective Order. (Docs. 44 at 2.) As the Court has previously found, the Court will infer that the parties have certified that the information contained in the items to be sealed references confidential or proprietary business information. Courts in this District have recognized that maintaining the privacy of confidential business information can constitute good cause for keeping documents from the public view. *See, e.g.*, *Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv399-Orl-40TBS, 2017 WL 2021761, at *2–3 (M.D. Fla. May 12, 2017) (permitting sealing of proprietary financial and business information); *Patent Asset Licensing LLC, v. Bright House Networks, LLC*, No. 3:15-cv-742-J-32MCR, 2016 WL 2991057, at *2 (M.D. Fla. May 24, 2016) (permitting party to file confidential business information under seal where such documents' exposure could "violate the parties' privacy or proprietary interests"). Thus, the parties have demonstrated good cause to overcome the public's right of access to the aforementioned documents to be sealed.

Accordingly, it is **ORDERED** as follows:

1. The Motions to Seal (Docs. 1159, 1160, 1166, 1169) are **GRANTED**.

2. Documents approved for sealing related to the Time Sensitive Motion to Compel (Doc. 1158) **SHALL** be filed through CM/ECF **on or before November 15, 2023**. All other items approved for sealing by this Order **SHALL** be filed through CM/ECF on or before **November 17, 2023**. The seal shall remain in place until resolution of this matter, including any appeals.

**DONE** and **ORDERED** in Orlando, Florida on November 14, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE