UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOCAL ACCESS, LLC,

    Plaintiff,

v.	Case No: 6:17-cv-236-JSS-EJK

PEERLESS NETWORK, INC.,

    Defendant.
_____/

## ORDER

Defendant objects to Magistrate Judge Embry Kidd's order directing Defendant to supplement its responses to Plaintiff's Interrogatories 20 and 22 on or before March 6, 2024 (Dkt. 1212). (Objection, Dkt. 1220.)[1] Plaintiff filed a response in opposition to Defendant's Objection. (Dkt. 1239.) The court held a hearing on the Objection on March 28, 2024. Upon consideration, Defendant's Objection is overruled.

## BACKGROUND

Plaintiff brings this breach of contract action against Defendant seeking damages from Defendant's alleged breach of a Customer Agreement – Homing Tandem Service and First Amendment to Master Services Agreement (First Amendment) executed between the parties. *See* (Dkt. 135.) As part of Plaintiff's claimed damages, the First Amendment required Defendant to "share 75% of

---

[1] Defendant also filed an unredacted version of its Objection under seal. *See* (Dkt. 1231.)

Collected Tandem Access revenue" with Plaintiff. *See* (Dkt. 135-1 at 14–15.) The parties dispute the meaning of "Collected Tandem Access revenue" and the damages to which Plaintiff may be entitled. According to Plaintiff, Defendant "is in sole possession of the records that would be necessary for an accurate calculation of damages." *E.g.*, (Dkt. 135 ¶ 40.) On December 15, 2023, the court entered an order on the parties' cross motions for summary judgment and found, in relevant part, that the First Amendment was ambiguous as to the meaning of "Collected Tandem Access revenue." *See* (Dkt. 1201 at 17–19.)

Following its order on the motions for summary judgment, the court sustained-in-part Plaintiff's objections to Judge Kidd's order denying Plaintiff's Motion to Compel Responses to Interrogatories 20 and 22 (Dkt. 982). (Dkt. 1210.) In Interrogatories 20 and 22, Plaintiff sought information to calculate its potential damages, including "the number of calls, minutes of use, amounts [Defendant] billed, amounts [Defendant] collected, and amounts not billed for Plaintiff's traffic." (Dkt. 978 at 1.) In denying the Motion to Compel, Judge Kidd held that Defendant "provided sufficient information to allow [Plaintiff] to make a revenue calculation" of its damages, and that Defendant's responses to the interrogatories were satisfactory. (Dkt. 988.) Following Plaintiff's objection, the court set aside Judge Kidd's order in part, and held that in light of its finding that the First Amendment was ambiguous, additional discovery was necessary to determine the potential damages to which Local Access may be entitled. (*Id.*) The court therefore recommitted Plaintiff's Motion to Compel to Judge Kidd "to facilitate the exchange of information in accordance with

the considerations set forth in Federal Rule of Civil Procedure 26(b)" and its order. (*Id.* at 5.) Following the court's order, Judge Kidd entered an order stating, "[i]n light of the district court's order that [Defendant] must supplement its responses to Interrogatories 20 and 22 . . . [Defendant] shall do so on or before March 6, 2024." (Dkt. 1212.)

## APPLICABLE STANDARDS

Upon review of an order entered by a magistrate judge, the district judge "may accept, reject, or modify, in whole or in part, the findings" and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72. With respect to non-dispositive matters ruled on by a magistrate judge, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1327 (11th Cir. 2020). "A finding of fact—whether adopted by the court from a magistrate judge's report and recommendation or made by the court independently—is clearly erroneous if the evidence, viewed in the light most favorable to the finding, does not support the finding." *Johnston v. Borders*, 36 F.4th 1254, 1282 (11th Cir. 2022) (citing *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988)); *see also Day v. Persels & Assocs., LLC*, 729 F.3d 1309, 1327 (11th Cir. 2013) (A court "commits a clear error when it makes a factual finding that has no support in the record."). "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp.

2d 1255, 1260 (M.D. Fla. 2013) (citing *S.E.C. v. Kramer,* 778 F.Supp.2d 1320, 1326–27 (M.D. Fla. 2011)). A party that fails to challenge a magistrate judge's non-dispositive order, waives the ability to appeal those unobjected-to matters. *See Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1286 (11th Cir. 2003) (citing *Farrow v. West*, 320 F.3d 1235, 1249 n. 21 (11th Cir. 2003)).

## ANALYSIS

Defendant objects to Judge Kidd's order directing that it supplement its responses to Plaintiff's Interrogatories 20 and 22. (Dkt. 1220.) Specifically, Defendant argues that Judge Kidd's order was not consistent with Federal Rule of Civil Procedure 26(b) or the court's order because Plaintiff's Interrogatories seek information beyond the permissible scope of discovery. (Dkt. 1220.) The court disagrees and overrules the Objection.

In its order sustaining-in-part Plaintiff's objections to Judge Kidd's initial order, the court held that "if [Plaintiff's] interpretation of the First Amendment ultimately prevails, it will then be entitled to damages based on the actual amounts that [Defendant] billed and collected on all long-distance traffic, not mere approximations thereof." (Dkt. 1210 at 5.) The court therefore defined the permissible scope of discovery in Interrogatories 20 and 22 as "the actual amounts that [Defendant] billed and collected on all long-distance traffic, not mere approximations thereof." (*Id.*) Judge Kidd's order explicitly referenced the findings of the district court and simply set a deadline by which Defendant was to comply with the court's order. (Dkt. 1212.)

Defendant has failed to demonstrate how Judge Kidd's order enforcing the findings of the district court is contrary to the relevant statutes, case law or rules of procedure. *See Tempay, Inc.*, 929 F. Supp. 2d at 1260; *Sharfman v. Precision Imaging St. Augustine LLC*, No. 6:22-cv-642-WWB-DCI, 2023 WL 6292446, at *1 (M.D. Fla. Aug. 4, 2023) (overruling objections as to findings on scope of discovery where "arguments fail to sufficiently demonstrate any basis upon which the Motion to Compel Order was clearly erroneous or contrary to law").

Accordingly:

1. Defendant's Objection to Magistrate Judge Order (ECF 1212) (Dkt. 1220) is **OVERRULED**.

2. Defendant is directed to supplement its responses to Interrogatories 20 and 22 to include "the actual amounts that [Defendant] billed and collected on all long-distance traffic, not mere approximations thereof" as relevant to Plaintiff's claimed damages for the period of August 2015 through March 2022. To the extent the responsive information is unavailable, the parties are directed to confer and reach a stipulation by April 19, 2024 concerning the amounts that Defendant billed and collected on all long-distance traffic during the relevant time period.

**ORDERED** in Orlando, Florida, on March 28, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record